# Patrick H. O'Donnell, Administrator, v. The Riter-Conley Manufacturing Company, et al.

## Gen. No. 12,076.

1. BUILDING ORDINANCE—*when valid.* A building ordinance is valid which requires the erection of a temporary or permanent floor having for its object the prevention of a manifest evil and the safety of all persons employed in the erection of buildings.

2. BUILDING ORDINANCE—*when violation of, actionable negligence.* The violation of a valid building ordinance which has for its object the protection of persons engaged in the erection of buildings, constitutes actionable negligence.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed February 20, 1906.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court of Cook county in an action on the case brought by appellant against appellees for alleged negligence causing the death of plaintiff's intestate on October 28, 1898.

The Riter-Conley Manufacturing Company were building for the Columbia Malting Company a large steel building in Chicago under a contract. The Riter-Conley Manufacturing Company had sublet that part of the structure known as the "workhouse" or granary to F. J. Lynn who employed Jeremiah Hennessy, the deceased, as a structural iron worker.

The construction had proceeded to the completion of the fifth floor of the building which was about seventy feet from the ground. As a part of the work of setting up the steel columns and beams of the sixth story, a derrick which stood on the fifth floor had to be moved. The derrick was held in place by guy ropes. Lynn directed the deceased to loosen one guy rope while he loosened another. When the order

O'Donnell v. Riter-Conley Mfg. Co.

was given the two men started in different directions to loosen the ropes. Lynn heard a cry and on looking around saw Hennessy falling through the building down to and upon the first floor of the building.

The declaration sets out section 204 of the building ordinance of the city of Chicago adopted March 28, 1898, which provides that "it shall be the duty of all owners, contractors and builders, and all persons who shall have the supervision or control of the construction of, remodeling of any building more than thirty feet high, to put in and lay upon the upper side of the joists or girders of each story in any building as soon as the joists or girders are laid, a good and substantial temporary or permanent floor for the protection of employees or all persons engaged in and upon the construction of said building, wherein no unprotected opening shall be left; and it shall be unlawful to place or put the joists or girders up of another story until each lower floor is thus laid."

No floors were laid in the building as provided by the ordinance, and the declaration charges that by reason of the neglect of the defendants in that respect, the deceased fell from the fifth floor of the building to and upon the ground and was killed.

CANNON & POAGE, for appellant.

MEEK, MARCH & KUBITZ and S. LEONARD BOYCE, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

There is no material controversy in the evidence. At the close of the evidence in the case the court instructed the jury to find the defendants not guilty. The only question in the case is, did the court err in giving the peremptory instruction.

The theory of the declaration is that the ordinance made it the duty of appellees, the one as owner, and the other as general contractor, to lay the floors contemplated by the or-

dinance for the protection of persons engaged in the construction of the building.

The ordinance of the city is attacked by counsel for appellees as void for want of power in the city to enact it, and upon the ground that it places unreasonable, unnecessary and unwarranted limitations upon owners of property.

That the ordinance in question is a valid exercise of the police power vested in the city, we entertain no doubt. It has for its object the prevention of a manifest evil and the safety of all persons employed in the erection of buildings. It is therefore a proper exercise of the police power. Noel v. The People, 187 Ill., 587; Dunne v. The People, 94 Ill., 120; Ruhstrat v. The People, 185 Ill., 133; Smith v. Milwaukee B. & T. Exchange, 91 Wis., 360.

The ordinance is within the power of the common council to pass, and it is reasonable. It is therefore law to all intents and purposes within the corporate limits of the city. Smith v. Milwaukee B. & T. Exchange, *supra;* Mason v. Shawneetown, 77 Ill., 533.

The evidence in the record tended to prove a violation of the ordinance in that there was a failure "to put in and lay upon the upper side of the joists or girders of each story * * * a good and substantial temporary or permanent floor." The failure to perform this duty must be held negligence. 2 Thomp. Neg. 1232; Mueller v. Milwaukee St. R. Co., 86 Wis., 340; Karle v. K. C., St. J. & C. B. R. Co., 55 Mo., 476; The True & True Co. v. Woda, Admx., 201 Ill., 315; H. Channon Co. v. Hahn, 189 Ill., 28. The Illinois cases *supra* hold that proof of violation of a city ordinance and personal injury directly resulting therefrom makes a *prima facie* case of negligence. If by reason of such negligence damage or injury directly results to any one for whose benefit the ordinance was passed and who is not guilty of contributory negligence, a civil action for damages may be maintained. Bott v. Pratt, 33 Minn., 323; McCall v. Chamberlain, 13 Wis., 713; Smith v. Milwaukee B. & T. Exchange, *supra.*

The evidence then tended to prove negligence. Plain-

tiff's intestate was killed. It was a question for the jury whether or not the injury directly resulted from the negligence of the defendants or either of them. It was also a question for the jury whether or not plaintiff's intestate was guilty of contributory negligence.

The evidence tending as it did to show a violation of a valid municipal ordinance thus affording a sufficient basis for an inference by the jury of negligence, it was manifestly erroneous for the court to instruct the jury to find the defendants not guilty.

For the error indicated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*