Harry Luner, by Berenice Luner, His Next Friend, Appellant, v. Sam Gelles, Appellee.

Gen. No. 41,764.

660

Heard in the third division of this court for the first district at the June term, 1941. Opinion filed May 27, 1942. Rehearing denied June 12, 1942.

HENRY MITGANG, of Chicago, for appellant; ARTHUR A. WOLFINSOHN, of Chicago, of counsel.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellee; EDWARD R. ADAMS and HERBERT C. DEYOUNG, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action brought by plaintiff's next friend to recover for injuries to plaintiff's person and for damage to his motor scooter. The jury found the defendant guilty and assessed plaintiff's damages at $375. Judgment was entered on the verdict and plaintiff's motion for a new trial was denied. Plaintiff appeals from the "final order" denying his motion and asks that the order be reversed and a new trial granted.

During the day of September 22, 1939, plaintiff, a minor, telegraph messenger, was operating his motor scooter eastward in West 64th street, Chicago, Illinois. Defendant's car was parked on the south side of 64th street, facing east, and when plaintiff, traveling 10 or 15 miles an hour reached the rear end of defendant's car, it commenced to move in first gear northeast from the curb. Plaintiff attempted to avoid the car, but was unsuccessful and the front bumper on defendant's automobile hooked on to a box at the rear of the scooter, bringing it to a sudden stop which threw plaintiff 15 or 20 feet over the handle bars into the street. As a result of the fall plaintiff suffered a longitudinal fracture of the right knee cap with displacement of 10 or 15 per cent of the inside thereof.

The defendant made a motion in this court to dismiss plaintiff's appeal because the notice of appeal specified that plaintiff appealed from the order denying his motion for a new trial. Defendant says the order was not appealable and that plaintiff should have appealed from the judgment. Plaintiff made his motion for a new trial within 10 days after entry of the judgment in his favor and when his motion was denied the effect of the denial was to make the judgment theretofore entered final and, when plaintiff appealed from the order of denial, in effect he appealed from the final judgment. The notice of appeal should have specified the judgment instead of the order of denial. We are not disposed, however, in this case to dismiss the appeal for "error of form," (*National Bank of Republic v. Kaspar American State Bank,* 369 Ill. 34) since there was a final judgment.

The circumstances of the accident are not in serious dispute. Plaintiff says that defendant's car moved rather fast away from the curb, while defendant says he moved about one mile an hour. The plaintiff says that he was traveling about one foot south of the center line of 64th street, which is a 30 foot street. If that is so, it would appear from the position of defendant's car, the right front wheel of which was about 2 feet from the curb when it stopped, that plaintiff should have had no difficulty avoiding the accident. The evidence would indicate that defendant gave no signal of his movement from the curb. If his testimony that the nearest parked car behind him was 50 or 60 feet from his car is true, and if he looked in his rear view mirror as he claims and saw a distance of one block behind him, then he should have seen plaintiff. In any event, the jury saw the witnesses, heard the evidence and resolved the issues of fact in favor of the plaintiff. From our view of this record we cannot agree that the court should have directed a verdict for defendant at the close of plaintiff's case, because

there is evidence which tends to prove that case. Neither can we say that the verdict of guilty is against the manifest weight of the evidence.

The principal question presented on this appeal is whether plaintiff should have a new trial because of inadequacy of damages assessed. The jury was instructed that it should not assess damages unless it had first found that the defendant was liable therefor. It found the defendant guilty. The jury was likewise instructed that, should it determine that the defendant was liable, plaintiff was entitled to whatever damages, under the circumstances, the law provided. As a result of the injury, the boy's injured leg was placed in a cast which extended from his ankle to his thigh. The cast remained on his leg for about 5 weeks, after which for 2 or 3 weeks he used crutches and a cane. He was out of work for two months; his right knee cap is ¼ inch larger than his left. Doctors in his behalf testified that the displaced portion of the knee cap had united to the main portion by a fibrous union instead of a bony union and that, consequently, there is a limitation of about 10 per cent in the flexion of the right leg. Plaintiff says that he cannot engage in athletics as he used to because the injury prevents him from moving as he once did, and his knee buckles on occasion. As a result of his injury he suffers pain and swelling of his leg following the day's work. Doctors testified that plaintiff's condition is permanent, that the condition would become progressively worse, and that an operation to correct the condition was inadvisable. The effect of the verdict of $375 was to give plaintiff $2.10 more than the sum of his actual expenses of $183.90 and lost wages amounting to $189.

It is obvious that the jury either found the defendant guilty and disregarded the proper elements of damages to which plaintiff was entitled, or made a compromise between questionable guilt on the part of the defendant and actual expenditures on the part of

the plaintiff. This is not such a case as was described by Judge GARY in *O'Malley v. Chicago City Ry. Co.*, 33 Ill. App. 354, wherein he said that a plaintiff not entitled to recover at all, has no right for any reason to have a verdict in his own favor set aside because the damages awarded were less than the pecuniary injury. Under the circumstances, in the case before us, the motion for a new trial should have been sustained. *Montgomery v. Simon*, 309 Ill. App. 516. This principle obtains regardless of the extent of the injury or the amount of money involved in a particular case.

For the reasons herein given, the judgment of the superior court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

BURKE, P. J., and HEBEL, J., concur.