THE VILLAGE OF RIVER FOREST, Plaintiff-Appellee, v. ASH REALTY COMPANY et al., Defendants-Appellants.

(No. 59613;

First District (2nd Division)—September 27, 1974.

*Rehearing denied November 8, 1974.*

Price, Cushman, Keck, Mahin & Cate, of Chicago (James T. Otis and George Weaver, of counsel), for appellants.

Charles L. Michod, of Chicago, for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

This appeal arises from a condemnation action begun in the Circuit Court of Cook County, Illinois. On 11 July 1972, the Village of River Forest (hereafter River Forest) filed a petition to condemn a certain parcel of real property located in River Forest, Illinois (hereinafter River Forest parcel), which was owned by Ash Realty Company, an Illinois corporation, and leased to United Parcel Service, Inc., an Ohio corporation. On 15 December 1972, Ash Realty and United Parcel Service (hereafter defendants) filed an amended verified traverse admitting that they were interested in the River Forest parcel, but denying certain allegations and stating that they were without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. In addition, they raised several "separate defenses." Among these were two constitutional defenses and one more which asserted that River Forest's general power of eminent domain was not broad enough to cover the River Forest parcel since it was already devoted to a "public use."

That same day River Forest attempted to make out a prima facie case in support of its condemnation petition. Defendants then moved to strike the petition on the grounds that River Forest had failed to sustain its burden of showing its purported authority to exercise its power of eminent domain over the River Forest parcel. The trial court ruled that River Forest had made out a prima facie case and denied defendants' motion; the court then continued the case and gave leave to defendants to file their amended verified traverse referred to above, and leave to River Forest to file a reply to the "separate defenses" alleged in the amended verified traverse. The reply was filed on 26 December 1972. On 16 January 1973, a hearing was had on the amended verified traverse. During this hearing defendants introduced evidence which, they alleged, tended to show that the River Forest parcel was, in fact, already devoted to a "public use." At the end of the hearing, defendants renewed their petition to dismiss and the trial court ordered the parties to file post-hearing memoranda and continued the case to a future date. On 30 May 1973, the trial court ordered that the amended verified traverse be over-

ruled and that the matter be set for compensation trial. On 9 July 1973, a compensation trial was had and defendants were awarded $177,000.

Defendants are appealing from the trial court's denial of their first motion to dismiss on 15 December 1972 and from its 30 May 1973 order overruling the amended verified traverse.

We do not reach the merits of this appeal because a threshold issue which must first be considered and which we find dispositive of this appeal is appellee's contention that this court lacks jurisdiction to consider this appeal. This contention is based on appellant's allegedly defective notice of appeal. On 15 December 1972, after a hearing, the trial court denied defendants' motion to dismiss River Forest's petition to condemn, and and gave defendants leave to file an amended verified traverse and River Forest time to answer it. Thereafter, on 16 January 1973, a hearing was had on the amended verified traverse and the trial court took the matter under advisement and ordered post-hearing memoranda to be filed. On 30 May 1973, the traverse was overruled and the matter was set for trial on the issue of compensation on 9 July 1973. On 9 July 1973, after a compensation trial, a judgment order was entered awarding $177,000 as just compensation to defendants for the condemnation of the River Forest parcel. Thereafter, on 7 August 1973, defendants filed a notice of appeal which reads in pertinent part as follows:

> "YOU ARE HEREBY NOTIFIED that Defendants ASH REALTY COMPANY and UNITED PARCEL SERVICE, INC. appeal to the Appellate Court of Illinois, First Judicial District, Chicago, Illinois from the order overruling the Traverse in this case entered by the Honorable Edward F. Healy on May 5, 1973 in favor of Plaintiff against Defendants, and Defendants-Appellants pray that the reviewing Court reverse *said* judgment. [Emphasis ours.]
>
> Dated this 7th Day of August, 1973."

River Forest contends that this court lacks jurisdiction to consider an appeal since there was no order entered on 5 May 1973; or that if, in fact, defendants are referring to the order entered 30 May 1973 overruling the traverse, this court lacks jurisdiction to consider an appeal since the 30 May order was not final and since, even if it were, the notice of appeal was filed more than 30 days after its entry.

■■ Defendants contend that this jurisdictional challenge is "belated" since it was not asserted by River Forest, prior to the filing of the briefs, by a motion to dismiss the appeal filed in this court. We do not agree. A challenge to the jurisdiction of this court can be raised at any time and cannot be waived by any prior failure to object to our appellate

jurisdiction. *Chicago Portrait Co. v. Chicago Crayon Co.* (1905), 217 Ill. 200, 75 N.E. 200; and see dictum in *Mid City Wholesale Grocers, Inc. v. Bischoff* (1945), 327 Ill.App. 268, 64 N.E.2d 234.

■■ Every final judgment of the circuit court in a civil case is appealable as of right. (Ill. Rev. Stat. 1971, ch. 110A, § 301.) But an order overruling a traverse in a condemnation proceeding is not a final order. (*Chicago Land Clearance Com. v. White* (1951), 409 Ill. 290, 100 N.E. 2d 760; *Chicago Park District v. Harris* (1949), 402 Ill. 214, 83 N.E.2d 702; *Chicago Housing Authority v. Abrams* (1951), 409 Ill. 226, 99 N.E. 2d 129.) Defendants cite a number of cases for the proposition that a notice of appeal of a specific order is sufficient, even though that order is not final, if that order will be in issue when final judgment is entered. In *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20, there was an appeal from an order sustaining a motion to strike, but the court noted that the notice of appeal also indicated that the appeal was from the final judgment and therefore took jurisdiction. In the instant case there is no reference to the *final* judgment in the notice of appeal.

In *Bradley v. Metropolitan Sanitary District* (1965), 56 Ill.App.2d 482, 206 N.E.2d 276, the court took jurisdiction where the appellant, in his notice of appeal, referred to the date his post-trial motion was denied instead of the date of the final judgment. However, the appellant in that case indicated that he was appealing from the final judgment and he only confused the date of that judgment. In the instant case, not only is there an error as to the date of the judgment order from which the appeal is taken, but there is no mention of an appeal from the final judgment.

Finally, defendant cites *Luner v. Gelles* (1942), 314 Ill.App. 659, 42 N.E.2d 313, where the notice of appeal stated that the appeal was from the denial of a timely motion for a new trial. The appellate court stated that the appeal was, in effect, from the final judgment and took jurisdiction. A motion for a new trial is necessarily one made *after* final judgment, and, by its nature, it must refer to the final judgment. In the case of a traverse, it is made *before* final judgment and, as in the present case, there is no reference, expressed or implied, to a final judgment.

■■ Defendants cite a number of other cases for the proposition that mere "error of form" in the notice of appeal does not foreclose appeal when the appellee is advised of the nature of the proceedings. We have considered these cases and agree with their holdings, but cannot agree that the errors in the instant notice of appeal were merely errors of "form." The notice of appeal clearly stated that the appeal was from the overruling of the traverse, a non-appealable order. There was no re-

ference, expressed or implied, to any final order. In fact, even the date given in the notice for the order overruling the traverse was incorrect. The notice of appeal is clearly inadequate to confer jurisdiction on this court. See *Chicago Park District v. Harris, supra.*

For the foregoing reasons, this appeal is dismissed.[1]

Appeal dismissed.

STAMOS and LEIGHTON, JJ., concur.

---

[1] We think we should add that, had we had jurisdiction to entertain this appeal and to dispose of it on the merits, we would have affirmed. There is no merit to the principal substantive contention of defendant-appellants that the condemned premises were already being used for a public purpose.