FIRST NATIONAL BANK IN DE KALB, Conservator of the Estate of Allen L. Jardine, Incompetent, *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF AURORA, Defendant-Appellee.—(LINCOLN-MERCURY DIVISION OF THE FORD MOTOR COMPANY *et al.*, Defendants.)

Second District (2nd Division)    No. 75-143

Opinion filed August 19, 1976.—Rehearing denied September 17, 1976.

328

Edward F. Diedrich, of De Kalb, for appellants.

Morrill, Koutsky, Chuhak & Upton, of Chicago, and Philip J. Ruddy, of Aurora, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Plaintiffs appeal the denial of a motion to vacate the dismissal of an amended complaint and denial of leave to file a second amended complaint. Allen Jardine was injured in a collision as he drove west and another car drove south into an uncontrolled intersection of two streets in the City of Aurora. He and his wife filed the initial complaints.

The complaints basically allege that the City was negligent in allowing the intersection to be uncontrolled and permitting a tree to obstruct the view of Allen Jardine.

### IA

■■ The abstract filed by appellant herein is little more than an index to the record. Even though the entire record is available for perusal by the reviewing court, appellants should remember that there is but one record while three or seven judges, as the case may be, have need of the relevant material. (*Shaw v. Kronst*, 9 Ill. App. 3d 807.) The rule has been decisively announced that the reviewing court will not search the record for the purpose of finding error not shown in the abstract (*Davis v. Davis*, 128 Ill. App. 2d 427), or for the purpose of overcoming deficiencies in the abstract (*Thillens, Inc. v. Department of Financial Institutions*, 24 Ill. 2d 110) or in order to reverse the judgment (*Spencer v. Burns*, 413 Ill. 240) and that failure of the abstract to properly present the errors relied on warrants the court in affirming the judgment, all of course where there has been no good faith effort made to comply with Supreme Court Rule 342 (58 Ill. 2d R. 342).

We would further point out to appellants that Supreme Court Rule 342(i) provides:

"Upon good cause shown after the filing of the record on appeal, the reviewing court or a judge thereof may excuse the filing of excerpts from record or an abstract or the abstracting of matters in the record even though they are to be considered on appeal."

Where the record is a short one, as here, we often excuse the filing of

excerpts or abstract on the condition that the relevant material be appended to appellant's brief.

■■ We believe that here there was a good faith effort to comply (see Supreme Court Rule 342(g)) with the rules and we will not summarily dismiss the appeal. We do not approve, however, of the failure to comply with the Rules.

## IB

The City contends that this appeal should be dismissed for failure to timely file the record. It is asserted that Rule 326 sets forth the "jurisdictional requirement of filing the record or certificate in lieu thereof within 63 days after the filing of a notice of appeal." Although dismissal of an appeal for failure to timely file the record may be proper, we note that Supreme Court Rule 301 (58 Ill. 2d R. 301) provides that, other than the filing of a notice of appeal, "No other step is jurisdictional." Thus, having jurisdiction, we choose to proceed to the merits of this appeal. See *O'Brien v. Kawazoye*, 27 Ill. App. 3d 810.

## IC

In their notice of appeal appellants stated:

" * * * and give notice of their appeal of the dismissal of the Amended Complaint as it applied to the City of Aurora * * *.

Said order of dismissal was entered by Judge Alfred Y. Kirkland on Dec. 3, 1974; and said dismissal was reaffirmed by Judge John S. Peterson, on Jan. 2, 1975 by his denial of plaintiff's motion ( * * *) to Vacate the Order of Dismissal and for Leave to file an Amended Complaint. Judge Kirkland and Peterson certified that the dismissal should be appealable immediately.

The Plaintiffs ask that the defendant, City of Aurora, be reinstated as a defendant, and that Plaintiffs be permitted to file a Second -Amended Complaint.

There is no specific statement in the first paragraph of the notice of appeal that plaintiffs are appealing from that portion of the order of January 2, 1975, denying them leave to file the second amended complaint. Defendant City contends that therefore we are limited on this appeal only to the propriety of the dismissal of the amended complaint and may not consider the tendered second amended complaint.

Stated broadly, the purpose of a notice of appeal is to inform the party in whose favor a judgment has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. The notice is jurisdictional but where the deficiency in the notice is one of form only, and not substance the appellate court is not necessarily deprived of jurisdiction. *National Bank of the Republic v. Kaspar American State Bank*, 369 Ill. 34.

The notice should be considered as a whole and where the notice fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the proceedings then the absence of strict technical compliance with the form of notice is not fatal. *People ex rel. Obert Pickerill v. New York Central R.R. Co.*, 391 Ill. 377; *Department of Transportation v. Galley*, 12 Ill. App. 3d 1072, 1075.

■■ The deficiency in the notice herein is one of form only and not substance. Considered as a whole it fairly and adequately sets out the judgments complained of and the relief sought. Defendant was fully apprised of the nature of the appeal and was fully aware that a review was .sought from the order denying leave to file a second amended complaint as well as the dismissal of the cause.

However, the judgment of December 3, 1974, dismissed plaintiff's case against the City of Aurora with *express written finding* that there was no just cause to delay enforcement or appeal.

■■ The judgment made no provision for leave to file any amended pleading. The dismissal of December 3, 1974, was a final judgment disposing of the case. It was never vacated or set aside. After judgment a pleading may be amended only to conform the pleadings to the proofs. (Ill. Rev. Stat. 1973, ch. 110, par. 46(3); *North Pier Terminal Co. v. Hoskins Coal & Dock Corp.*, 402 Ill. 192, 198.) The trial court on January 2, 1975, properly denied plaintiff's motion for leave to file the Second amended complaint. *Fultz v. Haugan*, 49 Ill. 2d 131, 136; *People ex rel. Endicott v. Huddleston*, 34 Ill. App. 3d 799, 801.

## II

The complaint herein has two basic allegations, the first being that the City was negligent in failing to provide traffic controls at the intersection where the collision occurred.

The Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 3—104—"Failure to provide traffic signals and signs") provides:

"(a) Neither a local public entity nor a public employee is liable under this Act for an injury caused by failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating signs.

(b) Neither a local public entity nor a public employee is liable under this Act for an injury caused by failure to provide traffic warning signals, signs, markings or other devices unless such a signal, sign, marking or device was necessary to warn of a condition which endangered the safe movement of traffic, and

which would not be reasonably apparent to or anticipated by a person in the exercise of due care."

■■ In the case at bar the city never undertook to provide traffic regulating signs at the intersection and thus it had no duty to do so *unless such a sign was necessary to warn of a condition which endangered the safe movement of traffic and which would not be reasonably apparent to or anticipated by a person in the exercise of due care. Porter v. City of Decatur*, 16 Ill. App. 3d 1031, 1034.

Apart from an allegation in the language of the "unless" clause of the statute plaintiffs state no facts from which it may be concluded that "a sign was necessary to warn of a condition which endangered the safe movement of traffic and which would not be reasonably apparent to or anticipated by a person in the exercise of due care." The plaintiff's allegations simply paraphrased the "unless" clause of the act without stating facts. (*Richardson v. Eichhorn*, 18 Ill. App. 2d 273; *Van Dekerkhov v. City of Herrin*, 51 Ill. 2d 374.) Further, there is no argument in plaintiff's brief as to this point. As a result, plaintiffs have waived the point by failing to argue it. Supreme Court Rule 341(c)(7) provides "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *In re Estate of Girga*, 15 Ill. App. 3d 916, 923.

IIIA

The second basic allegation is that the City was negligent in allowing the continued existence of bushes and a low growing evergreen which obscured the vision of drivers approaching the intersection. Specific allegations are that the City allowed the obstructions to remain in violation of:

a. Section 221 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat., ch. 100½, par. 26):

"It is a public nuisance * * * [t]o obstruct or encroach upon public highways, private ways, streets, alleys * * *."

b. Section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat., ch. 85, par. 3—102): " * * * * a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably forseeable that it would be used, * * *."

c. Sections 42—16, 19 and 20 of the ordinances of the City of Aurora;

42—16 "No person (including the City itself) owning or occupying any land or premises within the corporate limits of the

city shall plant, construct or maintain upon said premises any hedges or board fences or other structure which will obstruct the view of any person driving along the streets of the city and approaching the intersections thereof * * *."

42—19 (We have searched the record and the briefs herein but have not found the content of this ordinance. While this court takes judicial notice of an ordinance such as this, its provision ought to be called to our attention in some way and this not having been done, the matter cannot be considered. *Kahler v. Marchi*, 307 Ill. App. 23, 27. *Woods v. Village of LaGrange Park*, 287 Ill. App. 201, 210.)

42—20 "Whenever the owner or person in possession or control of any obstruction or encroachment in or upon any street, * * * in the city shall refuse or neglect to remove the same within twenty (20) days after notice * * * the same shall be deemed a nuisance * * *."

As a preliminary we must determine whether or not the complaint put the vegetation upon the property owned by the City, to-wit the parkway.

■■ The initial complaint was attacked for failure to state "how, where, or upon whose property the tree was located." Plaintiffs amended stating that the tree was permitted "to grow, over, upon and within the public way." This complaint was withdrawn in order that additional parties be added and the complaint before us was allowed to be filed. This complaint states that the tree existed at or near said intersection in such manner as to constitute a public nuisance within the meaning of Ill. Rev. Stat., ch. 100½, par. 26 (obstruct upon streets). Although somewhat carelessly drawn especially after the court's ruling on the first complaint, we believe that this allegation sufficiently advises the defendant that the tree was in fact upon the street.[1]

### IIIB

Plaintiffs contend that by pleading violations of the statutes and ordinances which may be negligent acts and omissions by the City they have raised a question of fact which cannot be determined as a matter of law and therefore they have stated a cause of action. They relied heavily upon *Cunis v. Brennan*, 7 Ill. App. 3d 204. But the Supreme Court reversed the appellate court, 56 Ill. 2d 372.

■■ While violation of a statute or ordinance may be in and itself a negligent act or omission it does not necessarily constitute "actionable negligence." (*Gourley v. Chicago & Eastern Illinois Ry. Co.*, 295 Ill. App. 160, 172.) Other elements must exist to make the negligence actionable,

---

[1] The complaint tendered January 2, 1975, not only alleged the tree to be growing within the parkway and near the intersection but also had a surveyor's diagram and affidavit attached.

such as an injury contemplated by the statute or ordinance and which it was intended to prevent, to the person complaining, who is a person intended to be protected by such statute or ordinance and which injury proximately resulted from the violation of the statute or ordinance. If all these elements co-exist there is actionable negligence. *O'Donnell v. Riter-Conley Manufacturing Co.*, 124 Ill. App. 544, 546.

■■ Has the conduct of the City been so significant and important that the City should be legally responsible? Does the law extend the responsibility for the conduct to the consequences which have in fact occurred? Did the duty include protection against the consequences? These questions are of law for determination by the court. *Cunis v. Brennan*, 56 Ill. 2d 372, 374.

There are various policy considerations of common sense, policy, and precedent which define or limit the scope of a defendant's liability if in fact there is actual causation between the conduct and the harm. To the extent that these various policy considerations have been expressed as legal principles or guidelines, they are referred to as the test of foreseeability. Foreseeability is an element of the basis of duty. In *Cunis*, page 376, our Supreme Court has told us the concept of foreseeability that is to apply to duty analysis in Illinois. First, "reasonable foreseeability" is the standard and second, reasonable foreseeability is to be determined from the point of view of the alleged negligent act and not of the hindsight of the plaintiff's injury and that the creation of a legal duty requires more than a mere possibility of occurrence.

Is it reasonably foreseeable that a driver approaching a blind intersection will proceed in total disregard of his surroundings? We think not. A large low growing evergreen at or near an intersection should command awareness.

■■ Even if the failure to remove vegetation growing on the parkway at or near the intersection was negligence on the part of the city it was not the legal cause of plaintiff's injuries. This is a problem of law. (See Prosser, Handbook of the Law of Torts §42 (4th ed. 1971).) In our opinion the facts alleged and taken as true were insufficient to show the requisite causal relation between the negligence which plaintiff asserts and the injury for which recovery is sought. "In order that a negligent actor shall be liable for another's bodily harm, it is necessary not only that the actor's conduct be negligent toward the other, * * * but also that the negligence of the actor be a legal cause of the other's harm." Restatement (Second) of Torts §§430, 432 (1965); *Pitts v. Basile*, 35 Ill. 2d 49, 54.

■■ Further, it still is the rule in Illinois that where a defendant's negligence creates merely a passive condition that makes an injury possible, but is not the cause of the injury, the defendant cannot be held liable for the plaintiff's injury. See *Briske v. Village of Burnham* (1942),

379 Ill. 193, 199; *Fultz v. Myers*, 5 Ill. App. 3d 230, 234; *Harris v. Algonquin Ready Mix, Inc.*, 13 Ill. App. 3d 559, 565.

We are of the opinion that the intersection involved was not inherently dangerous or of such a character as to mislead a driver exercising reasonable care. We hold that the City of Aurora was under no duty to the plaintiff's incompetent at all. While no Illinois case involving identical facts has been called to our attention we find substantial support for our position in cases cited in the following: 39 Am. Jur. 2d *Highways, Streets and Bridges* §462 (1968); Annot., 42 A.L.R. 2d 817 (1955).

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.