THE CITY OF ROCKFORD, Plaintiff-Appellant, *v.* ROBERT HALLEN, INC., *et al.*, Defendants-Appellees.

Second District   No. 76-169

Opinion filed August 3, 1977.

Stephen W. McCarty, A. Curtis Washburn, James G. Smith, and Wayman L. Prince, all of Rockford, for appellant.

William H. Barrick, of Barrick, Jackson, Switzer, Long & Balsley, Henry Close, and Steven Sproul, all of Rockford, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

This appeal arises from a condemnation award made by the Circuit Court for the 17th Judicial Circuit, Winnebago County. The property involved is situated in Rockford, Illinois, at a location known as Five Points. The location is so known because five major Rockford streets intersect there. At Five Points there is a 12,270-square-foot lot owned in fee simple by defendant-appellee, Robert Hallen, Inc. (hereinafter referred to as Hallen). The City of Rockford, plaintiff-appellant (hereinafter referred to as Rockford), sought to condemn 642 square feet of Hallen's lot for use in a street improvement project. Prior to this project, Hallen's property had direct access to the public roadways at five separate points. After the street improvement project is completed, Hallen's property will no longer have direct access to public roadways, but instead will have access to them by means of a service road.

In 1968, Hallen leased the lot in question to defendants-appellees, Carl G. and Lillian M. Boraiko (hereinafter referred to as the lessees). The lessees in turn sublet the premises to defendants-appellees, David DeBruler and Jean DeBruler (hereinafter referred to as sublessees), who operate a fast-food restaurant on the premises. The lease the lessees and sublessees hold under has a clause concerning the rights of the respective parties in the event that there is a taking by eminent domain. In the event that there is a complete or substantial taking of the premises, the eminent

domain clause of the lease provides that the lease shall terminate and the parties shall divide the condemnation award in accordance with their respective interests. However, if there is only a partial taking, then the eminent domain clause provides that there shall be a corresponding adjustment in the rent.

The events leading to this appeal began on November 27, 1974, when Rockford filed a petition pursuant to the eminent domain statute, seeking to take for public use 642 square feet of land owned by Hallen. A year later Hallen filed a motion asking that the rights of the lessees and sublessees under the terms of the lease be determined prior to or simultaneously with the condemnation proceedings. Rockford's response was a motion to dismiss the lessees and sublessees from the cause (the lessees and sublessees had been joined upon Rockford's motion), or in the alternative, to adjudicate their respective rights prior to the condemnation proceedings. A hearing on Hallen's motion and Rockford's motion to dismiss the lessees and sublessees was held on the 12th and 15th days of January, 1976. After hearing evidence on the matter, the circuit court ruled that the proposed taking by Rockford constituted a partial taking, that the rent owed to Hallen had to be reduced by $15,737.39, and that the rent reduction was a proper element of damages to be considered by the jury in any subsequent condemnation proceeding. At that time Hallen made a motion *in limine* to preclude Rockford from offering proof at the hearing in chief controverting that Hallen had been damaged to the extent of $15,637.39 as the court had determined. The motion *in limine* was granted. Thereupon Rockford withdrew its jury demand.

The circuit court's ruling on Hallen's motion to adjudicate the rights of the lessees and sublessees and on Hallen's motion *in limine* were incorporated into one judgment order filed January 19, 1976. The circuit court further held that there was "no just reasoning for delaying enforcement of this order or appeal therefrom."

On January 23, 1976, a judgment order granting Hallen a condemnation award of $19,972.39 was filed. The order set $4,335 as the value of the land taken and $15,637.39 as damages to the remainder. This order also incorporated the text of the order filed January 19, 1976.

Rockford appeals.

The principal issue on appeal is the question of the propriety of the circuit court's order of January 19, 1976, reducing the rent owed Hallen and making the amount of that reduction an indisputable element of damages at the condemnation hearing. However, before we reach that issue, we must deal with Hallen's contention that the January 19 order has not been appealed from, and, therefore, the matters contained therein are not properly before this court.

It is Hallen's contention that because Rockford's notice of appeal

specified only the January 23 order, only it is before this court and the matters decided in the January 19 order are not before us.

■■ We find this argument to be without merit. The basic purpose of a notice of appeal is to inform the party in whose favor judgment was entered that the unsuccessful party desires a review of the matter by a higher court. While notice is jurisdictional, an appellate court will not necessarily be deprived of jurisdiction by a technical deficiency in the notice. (*National Bank of the Republic v. Kaspar American State Bank* (1938), 369 Ill. 34, 15 N.E.2d 721; *First National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 326, 353 N.E.2d 309.) In the case at hand, Hallen complains that Rockford did not appeal from the order filed January 19, 1976. However, that order is quoted verbatim in the order filed January 23, 1976, which is the order cited in Rockford's notice of appeal. Since Hallen was fairly and adequately notified of the judgment complained of and of the relief sought, Rockford's failure to strictly comply with the technical rules of notice are of no consequence here. *People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, 63 N.É.2d 405; *First National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 326, 353 N.E.2d 309.

At the core of this appeal is the question of whether or not the trial court proceeded in the proper fashion. We conclude that it did not.

*Department of Public Works & Buildings v. Wilson & Co.* (1975), 62 Ill. 2d 131, 340 N.E.2d 12, is dispositive of this issue. In *Wilson*, the Department of Public Works & Buildings sought to condemn a portion of a lot owned by Wilson. The effect of the taking was to eliminate the direct access to public roadways that Wilson had previously had and to substitute access to the public roadways by means of a frontage road. The issue presented for review by the Illinois Supreme Court was whether or not Wilson was entitled to compensation for the damage to the remaining tract of land. The court held that it is a question of law to be determined by the court as to whether or not there had been an actionable taking or material impairment of access which entitled the property owner to compensation. However, once that determination has been made, it is for the jury to determine the just compensation for the resultant damage.

■■ ■ On remand in the case at hand, the circuit court must first determine if there has been an actionable taking or material impairment of access within the guidelines laid down in *Department of Public Works & Buildings v. Wilson & Co.* (1975), 62 Ill. 2d 131, 340 N.E.2d 12, entitling Hallen to compensation for damage to the remaining land. If the court determines that Hallen is entitled to compensation for damage to the remaining land, it then will be for the trier of fact to determine the extent of that damage. In apportioning any such condemnation award, the case at hand should be treated as any other case involving multiple interest in

condemned property. The trier of fact must first decide what the total award should be and then apportion it among the respective parties. (*Department of Public Works & Buildings v. Schmauss* (1972), 6 Ill. App. 3d 470, 285 N.E.2d 628.) Here, that would mean the trier of fact should first decide how much Hallen is entitled to in the way of just compensation, and then decide how much of that ought to be passed on to the lessees as damages to the leasehold.

We therefore reverse and remand this matter to the circuit court of Winnebago County.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.