*In re* ESTATE OF EFFIE WEBER.—(ERNEST R. HAMPSHIRE *et al.*, Appellees, *v.* META USELMAN, Appellant.)

Third District   No. 77-60

■■■■■■

Opinion filed April 26, 1978.

Craig M. Armstrong and Robert L. Carter, both of Wolslegel & Armstrong, of Ottawa, for appellant.

Francis X. Riley and Roseann Morris, both of Glen Ellyn, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Ernest R. Hampshire, aged 87, was appointed conservator for the estate of Effie Weber who was adjudged an incompetent on March 2, 1976. After Hampshire took possession of Mrs. Weber's assets, he had the property appraised, filed inventories with the court, and paid her expenses. In May, Meta Uselman, a prospective legatee under Mrs. Weber's will, filed a petition to revoke the conservatorship and requested that a bank be named conservator. After a hearing the court revoked

276

Hampshire's letters of conservatorship, appointed the First National Bank of Joliet as his successor, and stated that the revocation was solely because of Hampshire's age and was no reflection on his integrity. Mrs. Weber died shortly before Hampshire filed his first and final report in July. Hampshire turned over to the First National Bank of Joliet, as executor, all of the assets of the estate including $43,000 in bank accounts, jewelry, a residence, and various items of personal property. The bank signed a receipt, an entry of appearance in the conservatorship proceedings, and a consent to approval of the final report without further notice. That report included a conservator's fee of $1,500 and attorney's fees of $3,015. The court approved the report on July 31, 1976, and in its order declared the estate settled and closed, discharged the conservator, and released his bond.

Shortly thereafter Meta Uselman filed objections to Hampshire's final account. She alleged that the fees for the conservator and for the attorney were excessive and that Hampshire deprived the estate of interest income when he transferred some $43,000 from a savings account to a checking account. At a hearing on these objections, no testimony was offered either for or against the objections, and after arguments of counsel, the trial court denied the objections. A petition for rehearing was also denied, and this appeal followed.

■■ Hampshire, the appellee, argues that this appeal should be dismissed because the notice of appeal did not purport to appeal from the circuit court order approving the final report but rather referred to the order denying the petition for rehearing. Illinois courts have repeatedly refused to dismiss an appeal because of a technical deficiency in the notice of appeal so long as the notice fulfills its basic purpose of informing the victorious party that the loser desires a review of the matter by a higher court. (*E.g.*, *City of Rockford v. Robert Hallen, Inc.* (2d Dist. 1977), 51 Ill. App. 3d 22, 366 N.E.2d 977.) An appeal from an order denying a motion for new trial was held sufficient to give the reviewing court jurisdiction of the judgment order in *Luner v. Gelles* (1st Dist. 1942), 314 Ill. App. 659, 42 N.E.2d 313, and we conclude that the notice of appeal in the case at bar was likewise sufficient.

Hampshire also contends that the appellant, Meta Uselman, failed to obtain an extension of time for filing the report of proceedings and as a result the trial court had lost jurisdiction to certify the report at the time certification was attempted. Although we do not condone disregard for the rules which govern the appellate process, in this case we choose to deal with the merits of the appeal.

In her appeal Meta Uselman asserts three grounds for her challenge to the order approving the conservator's final report: (1) that as a legatee she was entitled to notice before the final report was approved; (2) that the

conservator failed to invest the assets properly; and (3) that the fees for the conservator and his attorney were excessive and the trial court failed to consider the appropriate factors.

No authority has been cited to us, and we have found none, for the proposition that a legatee has a right to notice of a conservator's final report. The cases cited by the objector hold that in the absence of notice to the ward or to the ward's personal representative, an annual or final accounting is not binding on the ward (*e.g., In re Estate of Veihman* (5th Dist. 1965), 66 Ill. App. 2d 23, 213 N.E.2d 646), and it has been said that "all interested parties" should have notice of the final accounting (39 Am. Jur. 2d *Guardian and Ward* §173 (1968)). Notice to the executor was of course necessary and that requirement was satisfied here.

The Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 24—11(b)) is somewhat inconclusive, providing as follows:

> "Notice of the hearing on any final account of a representative must be given to the ward if he is living and to such other persons and in such manner as the court directs."

■ Regardless of whether a legatee has a possible right to notice, we can discern no merit to the objector's claim of prejudice by lack of notice since she was permitted to file her objections and was given a hearing on the matter.

■■ As to the contention that Hampshire acted improperly in transferring $43,000 from two savings accounts to a checking account, we find nothing in the record to support objector's allegation. The inventory filed April 22, 1976, lists the two savings accounts as assets of the estate; the final report shows as receipts the proceeds of the two accounts plus interest; and the executor's receipt includes $43,000 turned over by Hampshire. These documents do not disclose the type of account in which the funds were held by the conservator. The objector had the burden of proving the alleged impropriety, and accordingly this objection was quite properly denied by the trial court.

The objector also attacks the fees allowed to the conservator and his attorney as not being "reasonable compensation" for their services as required by the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, pars. 27—1, 27—2.) The record does not show what factors were considered in the fixing of fees. When the trial judge denied the petition for rehearing, he stated that the fees were justified, but he did not indicate the basis for that finding.

■■ According to the modern view, the reasonableness of the fee for an attorney for an estate should be determined by considering the size of the estate, the work done, the skill of the practitioner, the time required, and the advantages gained for the estate as well as the diligence, good faith, and reasonable prudence of the one requesting the fee. (*In re Estate of*

*Hackett* (4th Dist. 1977), 51 Ill. App. 3d 474, 366 N.E.2d 1103; *In re Estate of Jaysas* (1st Dist. 1961), 33 Ill. App. 2d 287, 179 N.E.2d 411.) Of these considerations, the time expended, as shown by a detailed time record, is regarded as the factor of great importance. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Slater v. Jacobs* (1st Dist. 1977), 56 Ill. App. 3d 636, 371 N.E.2d 1054; *In re Hackett.*) An attorney's fee cannot, of course, be based on the bar association's minimum fee schedule but must be based upon the circumstances of the case. (*Larkin Bank v. Ishak* (2d Dist. 1976), 43 Ill. App. 3d 918, 357 N.E.2d 840.) The standards for setting an attorney's fee are generally applicable to the fee of the conservator as well. *Cf. In re Estate of Parlier* (4th Dist. 1976), 40 Ill. App. 3d 840, 354 N.E.2d 32.

■■ Here the total fees assessed are almost 10 percent of the funds handled by Hampshire during his four months as conservator. On the basis of the record, we assume that Hampshire was confronted with no transactions more complex than collecting rentals for a garage, paying bills, depositing income, and taking an inventory of the assets. There is nothing to show that the award of fees in this case was based upon a standard relating to the reasonable value of the services rendered. Under the circumstances we conclude that this cause must be reversed and remanded to the Circuit Court of Will County for a new determination of fees.

Reversed and remanded.

BARRY, P. J., and ALLOY, J., concur.