BOARD OF MANAGERS, COLONY WEST TOWNHOME OWNERS ASSOCIATION, Plaintiff-Appellee, *v.* SAM BUCALO, Defendant-Appellant.

Third District   No. 78-329

Opinion filed March 14, 1979.

Robert M. Gray, of Gray & Kleczek, P. C., of Joliet, for appellant.

William McMenamin, of Kroesch Law Office, Ltd., of Joliet, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order awarding attorney's fees to the plaintiff and as against defendant Sam Bucalo, in the amount of $598, plus costs. The only question raised on appeal is as to the amount of fees allowed by the trial court.

The action in the instant case arose from a small claims complaint in the Circuit Court of Will County to recover $580 in unpaid common area and maintenance assessments from a homeowner of a condominium in the Colony West Townhome Association. The jury had found that defendant owed the association the amount claimed and judgment was entered thereon. No question is raised as to that judgment. Thereafter, counsel for the association filed a petition for legal fees. On July 14, 1978, the trial court entered an order allowing the attorney's fees in the sum of $598, plus costs.

■■ On appeal in this court, defendant Bucalo seeks to raise two questions: Whether attorney's fees may be recovered by the plaintiff in this case and whether the award of attorney's fees in the case was totally unsupported by any evidence establishing the reasonable and customary basis for the fees allowed. No report of proceedings or agreed statements of facts in lieu thereof was filed in this court pursuant to Supreme Court Rule 323 (b), (e). It was not contested, that the declarations and covenants applicable to the homeowners association authorized payment of "reasonable attorney's fees" in the event that an attorney was required to be employed to effect collection of assessments from a homeowner. Since there was no report of proceedings or statement in lieu thereof, we must assume that the record properly establishes the allowance of the assessments was properly sanctioned by virtue of the declarations and covenants which authorize such allowance, and that, so far as the record on appeal in this cause discloses, that judgment, entered by the trial court, which is not challenged, was proper.

It is asserted, however, and is not denied, that the attorney's fees were allowed without any evidence in support thereof and solely on the basis of the petition for fees filed by the plaintiff's attorney. It is contended that the allowance of such fees is unreasonable *per se* and that the allowance of fees was based solely on the petition of plaintiff's attorney which asserted that the fees, interest and costs in the amount of $605.10 should be allowed on behalf of the plaintiff. The affidavit in support of the petition for attorney's fees for services rendered, attached to the petition, sets out the provision regarding reasonable attorney's fees and contends the attorney's fees amounted to $598. There was no testimony or any indication of hours spent or other justification for the fees requested, other than that petitioners claim that the fees requested were in a reasonable amount.

In *Larkin Bank v. Ishak* (2d Dist. 1976), 43 Ill. App. 3d 918, 357 N.E.2d 840, the court had allowed attorney's fees of $1,550 in a confession of judgment action on a $25,000 note. The fee in the *Larkin* case was based on the minimum fee schedule of the Kane County Bar Association. The appellate court reversed in that case and stated (at page 921):

> "Attorney's fees for legal services rendered should be based upon the circumstances of the case, including the time expended, the complexity of the issues presented, the work involved and the expertise of the lawyer. It is obvious that an attorney experienced in his field of law will require far less time in the preparation of his case or the completion of the legal work involved than an attorney recently admitted to the bar, thus his hourly charge will ordinarily be greater than that of an inexperienced lawyer."

In the instant case, no evidence regarding the attorney's fees was

presented. Although this case involved a jury trial, it apparently involved only one day, May 5, 1978, without any indication of the time consumed in the trial on that day.

In view of the facts and circumstances in this case, we conclude that since no specific basis was established for the allowance of the attorney's fees, other than the claim as asserted, this cause should be remanded to the Circuit Court of Will County for the sole purpose of determining the proper amount of attorney's fees to be paid on behalf of plaintiff. On remand, no inquiry need or should be made as to whether or not attorney's fees are in fact payable nor should there be any further inquiry into the basis for the judgment for assessments entered in this case on behalf of plaintiff, but the sole inquiry should be as to the reasonable amount of attorney's fees to be allowed to plaintiff for services of plaintiff's attorneys with respect to the action involved in the instant case.

For the reasons stated, therefore, the judgment of the Circuit Court of Will County is affirmed as to the $580 assessments, together with interest and court costs, but is vacated as to the judgment in the sum of $598 for attorney's fees and this cause is remanded for the sole purpose of determining the amount of reasonable attorney's fees to be allowed to plaintiff as against defendant in this cause.

Affirmed in part and judgment vacated and cause remanded for purpose of determining reasonable attorney's fees.

STENGEL and BARRY, JJ., concur.