QUINSIPPI CORPORATION, Plaintiff-Appellee, *v.* LEONARD O. BENING, Defendant-Appellant.

Fourth District    No. 17283

Opinion filed March 31, 1982.

Noel Stallings, of Robert P. Schulhof & Associates, of Carbondale, for appellant.

Steven E. Siebers, of Loos & Schnack, of Quincy, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

Bening, the debtor, appeals the trial court's order awarding Quinsippi, the creditor, $4,500 in attorney fees for confessing a judgment. The parties executed a security agreement March 13, 1980, for $73,250 plus 15% interest annually; the collateral comprised shares of stock in a nursing home and an interest in a land trust. Bening was to pay the principal and interest in two installments, the first due March 13, 1981, and the second due one year later. In the event Bening missed a payment the agreement permitted Quinsippi to confess judgment for the amount still owed, with Bening to pay reasonable attorney fees for the confession.

Bening failed to pay the first installment March 13, 1981; Quinsippi confessed judgment March 17, 1981. Besides the principal and interest Quinsippi sought $4,519.40 in attorney fees. Bening's motion to open the judgment for a recalculation of fees was granted, and after hearing testimony the trial court awarded fees and credited Bening with a payment made shortly after the confession.

At the hearing Quinsippi's lawyers, Delbert Loos and Steven E. Siebers, of the Quincy law firm Loos & Schnack, testified regarding the time that they had spent on this case from March 1981 until the date of the hearing, June 22, 1981. A third lawyer, John Deege, also from Quincy, recommended an award of $4,500 in fees.

Quinsippi argues that the award of fees should include compensation for executing on the judgment. The parties' agreement refers to fees three times; the agreement permits Quinsippi to recover fees and costs incurred (1) in taking, holding, and selling the collateral, (2) in suing on the obligation, and (3) in confessing judgment.

■■ Fees may not be based on fee schedules. (*Goldfarb v. Virginia State Bar* (1975), 421 U.S. 773, 44 L. Ed. 2d 572, 95 S. Ct. 2004.) The amount of time spent by a lawyer on a case, his ability, and the complexity of the work form the foundation for any award of fees. (*Larkin Bank v. Ishak*

(1976), 43 Ill. App. 3d 918, 357 N.E.2d 840.) A party suing for fees must specify the amount of time expended and describe the work performed, and this rule applies regardless of whether the fee is sought from a (former) client (*Serritella v. Plotkin* (1980), 89 Ill. App. 3d 739, 412 N.E.2d 7) or from an opponent in the original or underlying cause of action (*Board of Managers v. Bucalo* (1979), 69 Ill. App. 3d 287, 387 N.E.2d 53).

Bening argues that fees in this case should be awarded only for the work performed by Quinsippi's attorneys in confessing the judgment. As far as the record discloses this is all Quinsippi has done so far. Furthermore, Quinsippi's witnesses presented no evidence concerning what steps it would need to take to collect the judgment and how much time that would take beyond saying that their experience with Bening suggests that the debt may be difficult to collect. The fees sought here are attributable almost entirely to the confession of judgment. After the confession and before the hearing on fees some time was spent vetting Bening's collateral, but no decision had been made regarding what Quinsippi would do next.

■■ Quinsippi therefore may recover fees only for the work performed by its lawyers during the period after March 13, 1981, when Bening's first payment was due, and through the confession of judgment March 17, 1981. During that period Loos spent 6 1/4 hours on this case and Siebers 6 hours; Bening concedes the accuracy of the time records. Bening does not dispute that Loos' hourly rate is $75 and Siebers' is $60. We conclude that these figures are fair and reasonable; Quinsippi is therefore entitled to a fee of $828.75, and the decision of the trial court is reversed and the cause remanded to enter a judgment for $828.75.

Reversed and remanded.

WEBBER and TRAPP, JJ., concur.