FIRST NATIONAL BANK OF DECATUR, Plaintiff-Appellee, *v.* PAMELA K. BARCLAY, Defendant-Appellant.

Fourth District   No. 4—82—0390

Opinion filed December 15, 1982.—Rehearing denied January 25, 1983.

Denz, Lowe, Moore, McNutt & Turner, of Decatur (William A. McNutt, of counsel), for appellant.

Monroe, Wilson, Dyar, McDonald & Moss, of Decatur (Thom Moss, of counsel), for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The facts in this case are not complex and are not a subject of dispute. In 1979, Barclay (defendant) executed a promissory note for $60,000 plus interest computed at 1% over prime. The terms of the note permitted the creditor, First National Bank of Decatur (plaintiff), to confess judgment for the principal and interest due and for reasonable attorney fees, if Barclay defaulted. On April 25, 1980, a confession judgment was entered. Defendant ultimately admitted liability for principal and interest, but disputed the amount of attorney fees awarded. Upon defendant's motion, the judgment was opened and an evidentiary hearing was conducted on the question of reasonable attorney fees in the case.

At oral argument the parties conceded that plaintiff's lawyer billed plaintiff for 17½ hours' work in the case at a rate of $70 per hour. At the hearing, counsel for the plaintiff testified that his total time in the case amounted to 17½ hours and that he believed $5,000-$10,000 would be a reasonable fee in the case. Plaintiff also called another local attorney who testified that a reasonable fee in the case would be $6,000-$10,000 and that the customary hourly rate charged in the area for similar work would be between $50 and $150. Based on the testimony of the two witnesses, the trial court awarded plaintiff $5,000 for attorney fees.

Defendant argues that the award of fees was excessive in view of the nature and simplicity of the action. Plaintiff responds that the award was firmly supported by the evidence adduced on the question.

It is now well established that fees may not be determined on the basis of fee schedules. (*Goldfarb v. Virginia State Bar* (1975), 421 U.S. 773, 44 L. Ed. 2d 572, 95 S. Ct. 2004.) The foundation for any award of fees is the amount of time spent by a lawyer on a case, his ability and the complexity of the work. (*Quinsippi Corp. v. Bening* (1982), 105 Ill. App. 3d 241, 242, 433 N.E.2d 1368, 1369; *Larkin Bank v. Ishak* (1976), 43 Ill. App. 3d 918, 357 N.E.2d 840.) Moreover, a party suing for fees must specify the amount of time expended and describe the work performed, whether he is seeking fees from a former client (*Serritella v. Plotkin* (1980), 89 Ill. App. 3d 739, 412 N.E.2d 7), or from an opponent (*Board of Managers, Colony West Townhome Owners Association v. Bucalo* (1979), 69 Ill. App. 3d 287, 387 N.E.2d 53). The amount of fees should be determined on the basis of the facts in evidence, rather than upon speculation. *Fiorito v.*

*Jones* (1978), 72 Ill. 2d 73, 95, 377 N.E.2d 1019, 1025; *Lyons Brothers Lumber & Fuel Co. v. Shepherd* (1980), 81 Ill. App. 3d 213, 219, 400 N.E.2d 975, 979.

In light of the foregoing principles we believe that the trial court erred in awarding $5,000 in attorney fees. There is no dispute that plaintiff's counsel spent 17½ hours on the case and billed the plaintiff at a rate of $70 per hour. Nor is the reasonableness of the hourly rate contested. Although defendant argues that there was insufficient proof of the attorney's time, the uncontradicted evidence established that plaintiff's attorney expended 7½ hours preparing the paperwork in the case and 17½ hours in total. Counsel tendered his time sheets to defense counsel while on the witness stand, but defense counsel declined to challenge any entry on the sheets. Further, the testimony of plaintiff's expert indicated that the time claimed was not unusual for such a case.

The record supports an award for 17½ hours of the lawyer's time, billed at the rate of $70 per hour. To allow any greater award in this case, where the plaintiff and plaintiff's counsel had agreed upon this fee, would be to sanction an unjustifiable windfall for the plaintiff. The terms of the promissory note obligated the defendant to pay the reasonable attorney fees incurred during collection efforts. Here, it was error for the trial court to find that a reasonable fee exceeded the rate which the plaintiff agreed to pay its counsel in the case.

The decision of the trial court is reversed and remanded to enter a judgment for $1,225.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.