*In re* ESTATE OF STEPHEN A. HEALY, Deceased (Donald M. Orstrom, Petitioner-Appellant, v. Gregory M. Tierney *et al.*, Respondents-Appellees).

Second District   No. 2—84—0367

Opinion filed October 8, 1985.

Donald M. Orstrom, of Glen Ellyn, for appellant, *pro se.*

Joseph M. Laraia & Associates, P.C., of Wheaton, for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

Petitioner, Attorney Donald M. Orstrom, appeals from the trial court's order denying his petition for $45,298.91 additional attorney fees, which amount he claimed was owed to him by respondents.

For the purpose of this opinion, we recite only those facts that we consider relevant to the determination of whether the trial court abused its discretion in denying petitioner's request.

The voluminous record accompanying this appeal reflects the long, complicated history of a probate action concerning the estate of Stephen A. Healy, deceased, wherein petitioner represented respondents who shared a one-fifth interest in a testamentary trust. Although first hired to represent Grace Collins, upon her death petitioner was asked to represent respondents who succeeded to her one-fifth interest in the trust. An initial dispute in this case concerns the responsibility of respondents to pay the legal fees involved during the period before Grace Collins' death.

The record indicates that petitioner first stated that his fee was to be $60 an hour, and he claimed that respondents did not dispute this amount. Respondents, in turn, testified that the initial amount was in dispute and that petitioner had orally quoted to them a fee of $50 an hour or less.

Petitioner's actions on Grace Collins' and respondents' behalf in-

cluded familiarization with the file, research concerning the filing of a constructive trust lawsuit (which was dismissed, amended, and again dismissed), filing objections to the first accounting (which were denied and the order was appealed from), filing objections to the second accounting and negotiating and signing a settlement agreement (which respondents claim was not in conformance with their settlement authority). Additionally, in alleged response to respondents' claim of being previously uninformed of the progress of the probate action by the executor and other attorneys, petitioner also wrote numerous long letters to respondents informing them in great detail of the various actions taken both in and out of court regarding the settlement of the estate.

Respondents testified that they instructed petitioner to negotiate a settlement of approximately $500,000 to $600,000 in cash as opposed to a percentage of the trust in the form of stock. They further testified that respondent was instructed to have the settlement funds paid into the trust prior to dismissal of any legal proceedings they had instituted. Petitioner started negotiations at a much higher figure and included in that demand a request for attorney fees of $73,000. The testimony of the respondents reflects their rejection of the $73,000 fee requested, although petitioner denies this. Petitioner testified, however, that the $73,000 fee was in excess of the hourly billing amount actually due him.

The final settlement was signed by petitioner, who submitted into evidence the letters of permission received from all but one of the respondents allowing petitioner to sign the settlement agreement. In apparent contradiction to respondents' settlement authority, the final settlement consisted of no specific amount, since it was dependent upon a final accounting. Also, the litigation was dismissed, and petitioner claimed fees in the amount of $80,000, to which amount respondents objected.

Thereafter, petitioner submitted a fee proposal of $85 an hour which he claims was never rejected by respondents. Respondents testified, however, that they orally rejected the $85 an hour amount.

Petitioner then arranged to have the estate fund $200,000 into respondents' trust account as partial distribution of their share of the estate. Two years elapsed before the filing of a final accounting and the funding of the balance of the settlement.

Petitioner was ultimately discharged by respondents other than Suzanne Glen, whom he billed for $6,920 plus costs for her portion of his fee. The other respondents were billed $38,194.73. Petitioner had already received $18,425.57 in fees from the estate.

To be noted also is that petitioner represented the Reidy children, other beneficiaries of the estate, and that many of the services rendered to the Reidy children and respondents overlapped. Consequently, petitioner charged only half of his fee to each. In 1982, petitioner filed the petition which is the subject of this appeal.

It is undisputed that an attorney who renders professional services has a right to be compensated for such services. (*Greenbaum & Browne, Ltd. v. Braun* (1980), 88 Ill. App. 3d 210; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636.) As a general rule this right must rest on the terms of an express or implied contract of employment with the person sought to be charged. (56 Ill. App. 3d 636; *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706.) Although a representation agreement is not disputed in the present case, the record is nevertheless replete with conflicting testimony regarding the hourly rate and total fee agreed upon as part of that representation agreement. No written contract of employment signed by the respondents was presented in evidence. Petitioner's account statements and affidavit do not indicate the hourly rate charged, and petitioner failed to present any evidence of respondents' acceptance of his three separate fee proposals throughout the period of his representation, other than to argue that they did not reject the $85 an hour proposal. There was contrary testimony, however, indicating emphatic rejection of petitioner's proposals.

■ In actions to recover compensation for legal services the burden of proof rests on the attorney to establish his case. (*Greenbaum & Browne, Ltd. v. Braun* (1980), 88 Ill. App. 3d 210.) Since no "meeting of minds" was adequately demonstrated by plaintiff in the present case, the propriety of the additional fee requested required proof like any other claim and was similar to cases where attorney fees are the subject of a court order against an opposing party. *64 East Walton, Inc. v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 635; *Larkin Bank v. Ishak* (1976), 43 Ill. App. 3d 918.

■ Two approaches have been used to guide trial courts in assessing the amount to be awarded as attorney fees. Under one method, the court is to determine the amount of the fee based upon consideration of the time and labor required, the novelty and difficulty of the issues, the skill required to litigate the case, the preclusion of other employment due to acceptance of the case, the customary fee charged in the community, the amount involved, the results obtained, the attorney's experience, reputation and ability, and awards entered in similar cases. (*Johnson v. Georgia Highway Express, Inc.* (5th Cir. 1974), 488 F. 2d 714; *Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719.) Under the alternative computation method, the fee award is

premised upon the number of hours spent on the case and the attorney's hourly billing rate. These factors are viewed as reflecting the other considerations enumerated above. Adjustments in the amount so determined may be made to reflect any special circumstances in the case, and the hourly rate may be varied for different attorneys and different activities. (*Northcross v. Board of Education* (6th Cir. 1979), 611 F.2d 624, *cert. denied* (1980), 447 U.S. 911, 64 L. Ed. 2d 862, 100 S. Ct. 2999; *Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719.) Regardless of the method used for computation, however, the time expended is a very important factor in determining the amount of recovery, but the decision should not be based solely on the basis of a multiplication of the hourly rate by the time claimed to have been spent. (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38; *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273.) This is true even where, as here, detailed time records are submitted, as they must be, to support the hours claimed (89 Ill. App. 3d 273), for compensation may be awarded only for work which is reasonably required for the proper performance of the legal services involved (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273; *64 East Walton, Inc. v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 635). Consequently, in the present case the court correctly heard evidence regarding the reasonable worth and value of the services rendered, including an assessment of the necessity for the hours allegedly expended by petitioner.

In the present case, petitioner's expert testified only to the fact that $75 to $100 an hour was a reasonable fee for the type of services rendered, whereas respondents' expert, an attorney who had considerable experience in probate matters, examined the long record, including all of the correspondence exhibits, and gave his opinion as to what such services were reasonably worth. It has been held that such a method is a proper way to prove the value of legal services. (*Haish v. Payson* (1883), 107 Ill. 365; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636.) To be noted is that respondents' expert did not dispute the total number of hours claimed by petitioner. His analysis was directed more to the necessity for and the reasonableness of the work performed. He concluded that the reasonable worth of petitioner's services was in the area of $15,000 to $20,000 considering factors such as the work done, the skill required as opposed to that exercised, the advantages gained, the diligence, good faith and reasonable prudence utilized by petitioner and the benefit to the clients. Respondents' expert characterized much of the work included in petitioner's affidavit as "busy work," especially the amount of correspondence to the clients. He was of opinion also that petitioner did not force the matter to a final account and

should have been before the court forcing the issue of the funding of the trust pursuant to the agreement. Respondents' expert further testified that the value of the work done for the Reidys for which petitioner billed them $14,726 was $5,000.

■■ ■ The trial court may accept or reject the testimony of the parties' experts. It is similarly not bound by the petitioning attorney's opinion of what constituted a reasonable fee. (*Bellow v. Bellow* (1981), 94 Ill. App. 3d 361.) The trial judge may also use his own knowledge and experience to assess the time required to complete similar activities. (*Johnson v. Georgia Highway Express, Inc.* (5th Cir. 1974), 488 F.2d 714.) Even more importantly, however, as in like cases, because of the trial court's 3½-year involvement with the subject probate action it had an excellent opportunity to observe much of plaintiff's work product. For this reason, a trial court is given broad discretion in awarding attorney fees, and its decision will not be reversed on appeal absent an abuse of that discretion. A court of review is not justified in disturbing an award only because it may have made a different award. (*Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719.) What is a reasonable fee in a given case is to be determined like other fact questions, by the weight of the evidence. (*Sullivan v. Fawver* (1965), 58 Ill. App. 2d 37.) The trial court's order in the present case referred to the evidence that petitioner had been adequately compensated as "overwhelming" based upon the criteria established in the case authorities of this State. Our review of the record indicates that petitioner failed first to prove an agreement as to his fees. Also, despite his commendable efforts to keep his clients informed of the progress of the case, the time spent dictating the numerous long letters appeared to far outweigh the time spent in actual litigation, thereby lessening the number of compensable hours and the total value of the services performed. In view of the broad discretion allowed the trial court in the area of attorney fees, coupled with the absence of convincing proof warranting an additional fee award, it cannot be said that the court's order denying petitioner the fees requested was an abuse of discretion.

For the reasons stated the order denying petitioner's request for additional fees is affirmed.

Affirmed.

UNVERZAGT and STROUSE, JJ., concur.