603 N.E.2d 1165 (1992)
236 Ill. App.3d 641
177 Ill.Dec. 791
Martha LaHOOD, as Executrix of the Estate of Anthony T. LaHood, Deceased, Plaintiff-Appellee,
v.
Peter J. COURI, Defendant-Appellant (United Federal Savings Bank, f/k/a United Federal Savings and Loan Association of Illinois; Unknown Owners and Non-Record Claimants, Defendants).
No. 3-92-0035.
Appellate Court of Illinois, Third District.
October 6, 1992.
As Modified December 4, 1992.
Rehearing Denied December 4, 1992.
*1166 Valerie Moehle Umholtz (argued), Moehle, Swearingen & Associates, Ltd., Pekin, for Peter J. Couri.
Kevin D. Schneider, L. Lee Smith, James R. Morrison, Westervelt, Johnson, Nicoll & Keller, Peoria, for Martha LaHood.
Justice HAASE delivered the modified opinion of the Court.
The present action comes before us for the third time. (E.g., Couri v. Korn (1990), 202 Ill.App.3d 848, 148 Ill.Dec. 77, 560 N.E.2d 379; Couri v. Korn (1990), 203 Ill.App.3d 1091, 149 Ill.Dec. 771, 562 N.E.2d 235.) Martha LaHood, the executrix of the Estate of Anthony LaHood, brought the present foreclosure action against the defendant, Peter Couri. LaHood claims that Couri defaulted on a promissory note currently held by the Estate of Anthony LaHood. The note at issue was assigned by the South Side Trust & Savings Bank of Peoria, (South Side), to Anthony LaHood prior to his death. The note is secured by a mortgage on farm property owned by Couri. Couri claims that the mortgage was extinguished when South Side assigned the note to LaHood. LaHood filed a motion for summary judgment claiming that the propriety of the assignment had been litigated and resolved *1167 in its favor. Based upon this prior adjudication, LaHood argued that it was entitled to summary judgment. The trial court agreed and granted LaHood's motion. Couri appeals. We affirm in part and reverse in part.
Anthony LaHood and Peter Couri signed a note for $12,645 at the South Side Trust & Savings Bank of Peoria. Because there is no indication to the contrary on the face of the note, it appears both Couri and LaHood signed as co-makers. The note was secured by a mortgage on property owned by Couri. When the note came due, LaHood paid off the note. In exchange for the payment, South Side assigned its interest in the mortgage to LaHood. LaHood then demanded that Couri pay the amount due on the note. Couri refused and filed an action for quiet title. Approximately one year later, LaHood filed the present foreclosure action. Couri then filed a motion to dismiss or, in the alternative, to stay the foreclosure proceedings pursuant to 2-619(a)(3) of the Code of Civil Procedure. (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(3)). The trial court granted Couri's motion and ordered the foreclosure proceedings stayed pending resolution of the quiet title action. LaHood appealed this order. We affirmed the trial court's ruling (Couri v. Korn (1990), 203 Ill.App.3d 1091, 149 Ill.Dec. 771, 562 N.E.2d 235), and upon remand, the court ruled in favor of LaHood. No further appeals were taken in that case.
After judgment was entered in the quiet title action, LaHood sought a judgment on its foreclosure action. Couri asserted, as a defense to the foreclosure action, the same theories he unsuccessfully argued in the quiet title action. The trial court ruled these issues had already been litigated and that LaHood was entitled to summary judgment as a matter of law. The trial court also awarded LaHood, pursuant to the terms and conditions of the note, his reasonable attorneys fees and court costs. Couri appeals. Couri claims (1) the trial court erred by using "offensive" collateral estoppel and res judicata; and (2) the trial court erred in awarding the plaintiff his attorney's fees.
In Illinois, summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill.Rev.Stat. 1989, ch. 110, par. 2-1005(c).) The aim of summary judgment is not to try issues but to determine whether any triable issues exist. The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. Allen v. Meyer (1958), 14 Ill.2d 284, 152 N.E.2d 576.
In the case at bar, the issue in dispute is the validity of the assignment of the mortgage from South Side to LaHood. Couri claims that LaHood was a co-maker on the note and that the debt was extinguished when paid by LaHood. LaHood claims he was an accommodation party and that the assignment was valid. This issue, however, was resolved in the quiet title action. In Couri v. Korn (1990), 203 Ill.App.3d 1091, 149 Ill.Dec. 771, 562 N.E.2d 235, we ruled that the trial court acted properly in granting a stay of the foreclosure proceedings. We opined that the stay was proper because the issue to be litigated in the quiet title and foreclosure actions were the same, namely, the validity of the assignment of the mortgage to LaHood. We said that granting the stay would make it unnecessary to relitigate the validity of the assignment.
"The essential subject matter of the quiet title claim in the 1987 action and this foreclosure action is the same: the mortgage from Couri to plaintiff as assignee of South Side. Staying this foreclosure action will eliminate the need to relitigate the common issue in both cases; namely, the validity of the assignment to plaintiff by South Side." (Emphasis added.) Couri, 203 Ill.App.3d at 1094, 149 Ill.Dec. 771, 562 N.E.2d 235)
Couri now asks this court to disregard our prior ruling and allow him to relitigate the validity of the assignment. In effect, Couri argues that the trial court *1168 erred in the quiet title action. Couri may well be correct. In fact, a very strong argument may be made to that effect. The correctness of the court's ruling in the quiet title action, however, is not before this court. The issue that is presently before us is whether the trial court erred in granting summary judgment in the foreclosure action. Couri argues that the prohibition against "offense" collateral estoppel and res judicata allow him to litigate this issue yet again. We disagree.
Illinois distinguishes between estoppel by judgment (res judicata in the narrow sense, i.e., claim preclusion) and estoppel by verdict (collateral or direct estoppel, i.e., issue preclusion). Redfern v. Sullivan, (1983), 111 Ill.App.3d 372, 375, 444 N.E.2d 205, 208 67 Ill.Dec. 166; Morris v. Union Oil Co., 96 Ill.App.3d 148,153-54, 51 Ill.Dec. 770, 774, 421 N.E.2d 278, 282 (5th Dist.1981). See People v. Bone, (1980), 82 Ill.2d 282, 45 Ill.Dec. 93, 412 N.E.2d 444 (1980), cert. denied (1981), 454 U.S. 839, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981); Gay v. Open Kitchens, Inc., 100 Ill.App.3d 968, 56 Ill. Dec. 258, 427 N.E.2d 338 (1st Dist.1981).
There is a difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim or demand and the effect of a judgment as an estoppel in another suit between the same parties on a different claim or cause of action. Bone, 82 Ill.2d at 286-87, 45 Ill.Dec. at 95, 412 N.E.2d at 446; Skolnik v. Petella, 376 Ill. 500, 503-04, 34 N.E.2d 825, 826-27 (1941). The former is res judicata (claim preclusion), which "operates as an absolute bar to a subsequent action where a prior judgment rests on the merits, `not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" Bone, 82 Ill.2d at 287, 45 Ill.Dec. at 95, 412 N.E.2d at 446 (quoting Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195, 197. See Skolnick, 376 Ill. at 504-05, 34 N.E.2d at 827; Redfern, 111 Ill.App.3d at 375, 67 Ill.Dec. at 169, 444 N.E.2d at 208; Morris, 96 Ill.App.3d at 154, 51 Ill.Dec. at 774, 421 N.E.2d at 282. The latter constitutes collateral estoppel or estoppel by verdict (i.e., issue preclusion), which "concludes only `those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Bone, 82 Ill.2d at 287, 45 Ill.Dec. at 95, 412 N.E.2d at 446 (quoting Cromwell, 94 U.S. at 353). See Skolnick, 376 Ill. at 503, 34 N.E.2d at 826; Redfern, 111 Ill.App.3d at 375, 67 Ill.Dec. at 169, 444 N.E.2d at 208-09; Morris, 96 Ill.App.3d at 153, 51 Ill.Dec. at 774, 421 N.E.2d at 282.
In order to be barred by issue preclusion, or by claim preclusion where the claim was litigated, the prior decision must have been on the merits of the issue. Bone, 82 Ill.2d at 286-87, 45 Ill.Dec. at 95, 412 N.E.2d at 446; Morris, 96 Ill.App.3d at 153-54, 51 Ill.Dec. at 774, 421 N.E.2d at 282; Rotogravure Service, Inc. v. R.W. Borrowdale Co., 77 Ill.App.3d 518, 524, 32 Ill.Dec. 762, 767-68, 395 N.E.2d 1143, 1148-49 (1st Dist.1979). In addition, the party against whom the prior judgment is asserted must have had an effective opportunity to litigate the issue in the prior proceedings. Gay v. Open Kitchens, 100 Ill. App.3d at 971, 56 Ill.Dec. at 261, 427 N.E.2d at 341. For "while the purpose of the doctrine is to prevent a party from litigating the same issue twice, it should not be used to preclude a party from litigating the matter at all." Id. at 972, 56 Ill.Dec. at 262, 427 N.E.2d at 341-42. The party must have had a full and fair opportunity to litigate the issue, and it must not be an injustice to apply the doctrine. Fred Olson Motor Service v. Container Corp. of America, 81 Ill.App.3d 825, 37 Ill.Dec. 5, 401 N.E.2d 1098 (1st Dist.1980). See Franciscy v. Jordan, 43 Ill.App.2d 344, 354-58, 193 N.E.2d 219, 223-25 (1963). In this sense the doctrine is an equitable doctrine, and subject to equitable principles. Gay v. Open Kitchens, 100 Ill.App.3d at 971, 56 Ill.Dec. at 261, 427 N.E.2d at 341. It "should only be applied as fairness and justice require." Rotogravure Service, Inc. v. R.W. Borrowdale Co., 77 Ill.App.3d at 525-26, 32 Ill.Dec. at 767, 395 N.E.2d at 1149. Accord Fred Olson Motor Service, *1169 81 Ill.App.3d 825, 37 Ill. Dec. 5, 401 N.E.2d 1098.
The party asserting the preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. Redfern, 111 Ill.App.3d at 377, 67 Ill.Dec. at 169, 444 N.E.2d at 209; O'Neill v. DeLaney, 92 Ill.App.3d 292, 47 Ill.Dec. 947, 415 N.E.2d 1260 (1st Dist.1978); Gale v. Transamerica Corp., 65 Ill.App.3d 553, 22 Ill.Dec. 92, 382 N.E.2d 412 (1st Dist. 1978); Gonyo v. Gonyo, 9 Ill.App.3d 672, 292 N.E.2d 591.) This is a "heavy burden of proof" Gale v. Transamerica Corp., 65 Ill.App.3d at 558, 22 Ill.Dec. at 96, 382 N.E.2d at 416; a court cannot "invoke the rule of estoppel by verdict or res judicata on pure speculation as to the finding of the trial court in the prior litigation." Lemanski v. Lemanski, 87 Ill.App.2d 405, 409, 231 N.E.2d 191, 194 (2d Dist. 1967), appeal dismissed and cert. denied, 393 U.S. 20, 89 S.Ct. 52, 21 L.Ed.2d 21 (1968). To speculate on the grounds for the prior judgment would be to remove the burden placed on the proponent. Redfern, 111 Ill.App.3d at 377, 67 Ill.Dec. at 169, 444 N.E.2d at 209.
Applying these principles to the action at bar, it is evident that the present action necessitates the application of the doctrine of collateral estoppel. The parties and issue litigated in the quiet title action (Couri v. Korn (1990), 203 Ill.App.3d 1091, 149 Ill.Dec. 771, 562 N.E.2d 235, and the present foreclosure action are the same namely, the validity of the assignment of the mortgage to LaHood from South Side. Once the validity of this assignment was adjudicated, Couri had the option of either accepting the court's ruling or seeking appellate review. No appeal was taken and the judgment rendered in the quiet title action, therefore, is final.
Couri argues that the doctrine of collateral estoppel may not be applied in situations where there is a difference between the burdens of proof in the respective proceedings. We agree. For example, in One Lot Emerald Cut Stones and One Ring v. United States (1972), 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438, Francisco Farkac Klementova entered the United States without declaring to United States Customs one lot of emerald cut stones and one ring. Klementova was indicted, tried, and acquitted on criminal charges of violating 18 U.S.C. § 545, by willfully and knowingly, with intent to defraud the United States, smuggling the articles into the United States without submitting to the required customs procedures. Following the acquittal, the Government instituted a forfeiture action against the stones and ring. Klementova intervened in the proceedings and argued that his acquittal barred the forfeiture. The district court agreed and ruled that the forfeiture was barred by the doctrine of collateral estoppel. The U.S. Supreme Court reversed. The Court ruled the difference in the burdens of proof in criminal and civil cases precludes the application of this doctrine.
Couri cites the above mentioned case in support of his contention that the propriety of the assignment has not been properly adjudicated. Couri argues that the burdens of proof in the quiet title action and the foreclosure action vary. Couri is mistaken. In Rago v. Cosmopolitan National Bank (1967), 89 Ill.App.2d 12, 19, 232 N.E.2d 88, the court ruled that possession and production into evidence by the holder of a note and mortgage, and production of evidence which establishes a default, establishes a prima facie basis for recovery in favor of the holder. Once this evidence is produced, the burden is on the defendant to establish a defense. In the action at bar, this means that the defendant must produce evidence that LaHood was co-maker. We acknowledge that this seems to be an anomalous result in light of the fact that the note itself indicates that LaHood was a co-maker. Nonetheless, Couri failed to establish in a prior action that LaHood was a co-maker and there is no reason that this issue should be litigated again.
The doctrine of res judicata (or collateral estoppel) is a judicial doctrine "designed to protect litigants from the burden of retrying an identical cause of action . . . and to enhance judicial economy by prohibiting repetitive litigation." (People v. Bone *1170 (1980) 82 Ill.2d 282, 286, 45 Ill.Dec. 93, 95, 412 N.E.2d 444, 446, cert. denied, 454 U.S. 839, 70 L.Ed.2d 120). To allow Couri to relitigate his claim would violate this doctrine and would render our ruling in Couri v. Korn, supra, meaningless. We hold, therefore, that the trial court did not err in granting summary judgment in favor of LaHood.
The only remaining issue is the propriety of the attorney's fees awarded LaHood by the trial court. Couri claims the trial court erred in ordering him to pay these fees because the plaintiff failed to produce detailed records upon which the fees and costs were predicated. LaHood did offer to produce detailed billing records for an in camera inspection by the court, but refused, under claim of privilege, to supply detailed copies of these records to opposing counsel. The defendant argues that without providing him a copy of the detailed billing records for his own inspection, he was unable to form an opinion as to the reasonableness of the fees and unable to object if need be. For this reason, the defendant argues the trial court erred in ordering him to pay the plaintiff's attorney's fees. We agree.
Provisions in contracts for awards of attorney fees are an exception to the general rule that the unsuccessful litigant in a civil action is not responsible for the payment of the opponent's fees. (Abdul-Karim v. First Federal Savings & Loan Association (1984), 101 Ill.2d 400, 78 Ill.Dec. 369, 462 N.E.2d 488; Amoco Realty Co. v. Montalbano (1985), 133 Ill.App.3d 327, 88 Ill.Dec. 369, 478 N.E.2d 860; Losurdo Brothers v. Arkin Distributing Co. (1984), 125 Ill.App.3d 267, 80 Ill.Dec. 348, 465 N.E.2d 139.) In all cases, however, only those fees which are reasonable will be allowed (Fiorito v. Jones (1978), 72 Ill.2d 73, 18 Ill.Dec. 383, 377 N.E.2d 1019; Leader v. Cullerton (1976), 62 Ill.2d 483, 343 N.E.2d 897; In re Estate of Healy (1985), 137 Ill.App.3d 406, 92 Ill.Dec. 159, 484 N.E.2d 890), the determination of which is left to the sound discretion of the trial court (Fiorito v. Jones (1978), 72 Ill.2d 73, 18 Ill.Dec. 383, 377 N.E.2d 1019; Leader v. Cullerton (1976), 62 Ill.2d 483, 343 N.E.2d 897; Board of Education v. County of Lake (1987), 156 Ill.App.3d 1064, 109 Ill.Dec. 249, 509 N.E.2d 1088). It is also well settled that the party seeking the fees, whether for himself or on behalf of a client (First National Bank v. Barclay (1982), 111 Ill.App.3d 162, 66 Ill.Dec. 854, 443 N.E.2d 780), always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. Fiorito v. Jones (1978), 72 Ill.2d 73, 18 Ill.Dec. 383, 377 N.E.2d 1019; Heckmann v. Hospital Service Corp. (1982), 104 Ill.App.3d 728, 59 Ill.Dec. 947, 432 N.E.2d 891; Ealy v. Peddy (1985), 138 Ill.App.3d 397, 92 Ill.Dec. 939, 485 N.E.2d 1182).
An appropriate fee consists of reasonable charges for reasonable services (In re Estate of Healy (1985), 137 Ill. App.3d 406, 92 Ill.Dec. 159, 484 N.E.2d 890); however, to justify a fee, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client (In re Marriage of Angiuli (1985), 134 Ill.App.3d 417, 89 Ill. Dec. 328, 480 N.E.2d 513), since this type of data, without more, does not provide the court with sufficient information as to their reasonablenessa matter which cannot be determined on the basis of conjecture or on the opinion or conclusions of the attorney seeking the fees. (Flynn v. Kucharski (1974), 59 Ill.2d 61, 319 N.E.2d 1; In re Marriage of Angiuli (1985), 134 Ill.App.3d 417, 89 Ill.Dec. 328, 480 N.E.2d 513). Rather, the petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. (Fiorito v. Jones (1978), 72 Ill.2d 73, 18 Ill.Dec. 383, 377 N.E.2d 1019; Ealy v. Peddy (1985), 138 Ill.App.3d 397, 92 Ill.Dec. 939, 485 N.E.2d 1182.) Because of the importance of these factors, it is incumbent upon the petitioner to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated. Flynn v. Kucharski (1974), 59 Ill.2d 61, 319 N.E.2d 1; Board of Education v. County of Lake *1171 (1987), 156 Ill.App.3d 1064, 109 Ill.Dec. 249, 509 N.E.2d 1088.
Once presented with these facts, the trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client (Ashby v. Price (1983), 112 Ill.App.3d 114, 67 Ill.Dec. 958, 445 N.E.2d 438), and whether there is a reasonable connection between the fees and the amount involved in the litigation (In re Estate of Healy (1985), 137 Ill.App.3d 406, 92 Ill.Dec. 159, 484 N.E.2d 890; In re Marriage of Ransom (1981), 102 Ill.App.3d 38, 57 Ill.Dec. 696, 429 N.E.2d 594). Finally, the decision of the trial court will not be reversed absent an abuse of discretion. Losurdo Brothers v. Arkin Distributing Co. (1984), 125 Ill.App.3d 267, 80 Ill.Dec. 348, 465 N.E.2d 139.
In the action at bar, the plaintiff argues that it had the right to withhold itemized bills from opposing counsel under claim of privilege. We disagree. A party generally has no right to inquire into the hourly rate or number of hours billed by opposing counsel. When a party seeks to have the opposing party or counsel pay his attorney's fees, however, access to such information is paramount. The very purpose of itemization is to ensure that there has been no unnecessary duplication of hours and to permit the court to disallow unnecessary, excessive or inefficient hours. (Board of Education v. County of Lake (1987), 156 Ill.App.3d 1064, 1072, 109 Ill. Dec. 249, 509 N.E.2d 1088.) Without providing the opposing party access to itemized billing, the court would be left to determine the reasonableness of the fees without benefit of the objections, insights and arguments of counsel. Instead, the court would be left with nothing more than a vague statement from opposing counsel that the number of hours billed seemed too high. Such a result would be plainly inconsistent with our adversarial system of jurisprudence. Courts do not make decisions in a vacuum. Under our system of justice, the party seeking recovery, whether in damages or attorneys fees, must always be willing to put his proofs to the test of adversarial scrutiny.
Accordingly, we hold that the plaintiff failed to present sufficient evidence to support his claim for attorney's fees. The judgment of the Circuit Court of Tazewell County awarding the plaintiff his attorney's fees is reversed and the cause is remanded to the trial court for a hearing on fees in accordance with the views expressed herein. The court's ruling granting summary judgment in favor of the plaintiff is affirmed.
Affirmed in part; reversed in part.
BARRY, P.J., and McCUSKEY, J., concurring.