GEORGE E. COLLINS *et al.*, Plaintiffs-Appellants v. MICHAEL HURST *et al.*, Defendants-Appellees.

Third District    No. 3—99—0937

Opinion filed August 30, 2000.

James B. Eagle (argued), of Eagle & Eagle, of Rock Island, for appellants.

Francis Van Hooreweghe (argued), of Van Hooreweghe, Fackel & Thuline, of Moline, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs George and Margaret Collins (the Collinses) filed suit to recover unpaid rent from their former tenants, Michael Hurst and Combined Health Services, P.C. (Hurst). The circuit court awarded $7,040.06 damages, but denied the Collinses' request for attorney fees and late payment charges. The Collinses appeal. We reverse and remand.

The Collinses, as lessors, and Hurst, as lessee, entered into a lease agreement for commercial property. Paragraph 20 of the agreement provided that "Lessees shall be responsible for any or all attorney fees such be incurred during the term of this agreement if such fees are incurred as a result of acts or omissions done by Lessee." Paragraph 22 stated that "[a]ny amount not paid when due Lessor under this Lease shall incur a service charge of two percent (2%) for that month for any payment made past the 10th of the month when due."

Hurst failed to pay rent for the months of August through December 1997. The Collinses filed suit to recover unpaid rent and interest. The attorney representing the Collinses agreed to work on a contingent fee of one-third of any recovery.

After a bench trial, the circuit court awarded the Collinses damages for unpaid rent in the amount of $7,040.06. The court also determined that the contingent fee agreement, as between the Collinses and the attorney representing the Collinses, was reasonable and ordered Hurst to pay attorney fees equaling one third of the damage award. The court did not award late payment charges. Upon motion for reconsideration, the circuit court vacated the attorney fee award.

## I. ATTORNEY FEES

The Collinses argue that because the contingent fee agreement with their attorney was reasonable, Hurst should pay fees totaling one third of the judgment. Hurst responds that attorney fees should be paid from the judgment awarded for back rent; thus, any separate attorney fee award is inappropriate.

■ The general rule is that parties in a lawsuit are responsible for their own attorney fees. *Myers v. Popp Enterprises*, 216 Ill. App. 3d 830, 838, 576 N.E.2d 452, 457 (1991). However, a court may award attorney fees if they are expressly authorized by statute or by agreement of the parties. *In re Marriage of Magnuson*, 156 Ill. App. 3d 691, 700, 510 N.E.2d 437, 443 (1987). Only those fees that are reasonable will be allowed. *La Hood v. Couri*, 236 Ill. App. 3d 641, 648, 603 N.E.2d 1165, 1170 (1992). To determine a reasonable fee award, a court must consider: (1) the skill and standing of the attorney employed, (2) the nature of the cause, (3) the novelty and difficulty of the questions, (4) the amount and importance of the subject matter, (5) the degree of responsibility in the management of the cause, (6) the time and labor required, (7) the usual and customary charges in the community, and (8) the benefits resulting to the client. *Ashby v. Price*, 112 Ill. App. 3d 114, 122, 445 N.E.2d 438, 444 (1983). A court should also consider the nature of the attorney fee agreement between the successful litigant and his or her attorney. *Blankenship v. Dialist International Corp.*, 209 Ill. App. 3d 920, 927, 568 N.E.2d 503, 507 (1991). An attorney fee award is within the discretion of the circuit court and will not be disturbed unless it amounts to an abuse of discretion. *La Hood*, 236 Ill. App. 3d at 648, 603 N.E.2d at 1170.

■ In this case, the parties entered a written lease agreement that contained a specific provision for the recovery of attorney fees. The agreement required Hurst to pay fees resulting from his default on rental payments. Based on the circuit court's finding of a default, Hurst is liable for attorney fees.

Hurst's argument that the Collinses' attorney fees should be paid solely from the judgment awarded for back rent is without merit. As stated, the lease executed by the parties specifically requires Hurst to pay attorney fees resulting from a default. The language agreed to by the parties can only be construed as requiring a separate attorney fee award; the circuit court's failure to enter a separate award was an abuse of discretion. See *Fitzwilliam v. 1220 Iroquois Venture*, 233 Ill. App. 3d 221, 234-235, 598 N.E.2d 1003, 1012 (1992).

■ On the other hand, an attorney fee award cannot be based solely on an amount necessary to satisfy a contingent fee agreement existing between an attorney and a client. Though the circuit court found the contingent fee agreement between the Collinses and their attorney reasonable, Hurst was not a party to that agreement. Furthermore, the agreement between the Collinses and Hurst did not provide for the payment of attorney fees based on a contingent fee. While the court may consider the existence of a contingent fee agreement, it is only one factor of many to be examined. See *Blankenship*,

209 Ill. App. 3d at 927, 568 N.E.2d at 507. Where a contract allows fees to be paid to the other party, the fee must be reasonable regardless of any other agreement between litigants and their attorneys. See *Keller v. State Farm Insurance Co.*, 180 Ill. App. 3d 539, 557, 536 N.E.2d 194, 205 (1989).

In sum, the attorney fee provision contained in the lease between the Collinses and Hurst should be enforced. However, the contingent fee agreement between the Collinses and their attorney may not be applied to Hurst without consideration of whether that fee amounts to a reasonable award in light of the well-established factors cited in *Ashby*. *Ashby*, 112 Ill. App. 3d at 116, 445 N.E.2d at 444. Therefore, on remand, the circuit court is directed to determine a reasonable attorney fee award based on a consideration of the factors enumerated in *Ashby*. See also *Johns v. Klecan*, 198 Ill. App. 3d 1013, 1021, 556 N.E.2d 689, 694 (1990).

## II. LATE PAYMENT CHARGE

We next consider the circuit court's failure to award a late fee. The Collinses argue that, based on the written lease agreement, Hurst must pay interest from the tenth day of each month when due to the date of judgment. Hurst responds that the Collinses have waived this issue by failing to raise it at trial or in a posttrial motion.

Initially, we reject Hurst's contention that the present issue was not preserved for appeal. Although there is no record of the trial court proceedings, the circuit court ruled on the issue, indicating that it was raised.

On the merits, our principle objective is to effectuate the parties' intentions as expressed in their written contract. *Illinois Valley Asphalt, Inc. v. La Salle National Bank*, 54 Ill. App. 3d 317, 320, 369 N.E.2d 525, 528 (1977). Where contract language is clear and unambiguous, the parties' intent must be ascertained from the contract itself. *Sigma Cos. v. Regas*, 255 Ill. App. 3d 857, 861, 627 N.E.2d 256, 260 (1993). Construction of contract language involves a question of law. *Illinois Valley Asphalt*, 54 Ill. App. 3d at 319-20, 369 N.E.2d at 528.

A lease may provide that, if rent is not paid on or within a given number of days from the due date, a late charge can be added to the rent. See 16 Ill. Jur. *Property* §§ 24.68, 24.69 (1994). The lease can also provide that interest is due on unpaid rent payments. See *Schipper & Block, Inc. v. Carson Pirie Scott & Co.*, 5 Ill. App. 3d 209, 214, 283 N.E.2d 81, 85 (1972). A reasonable late charge provision in a contract should be enforced. See *Baker v. Loves Park Savings & Loan Ass'n*, 61 Ill. 2d 119, 127-28, 333 N.E.2d 1, 5-6 (1975).

Paragraph 22 of the parties' contract provided that any rent "not paid when due Lessor under this Lease shall incur a service charge of two percent (2%) for that month for any payment made past the 10th of the month when due." After determining that Hurst failed to pay rent for more than three months, the circuit court should have effectuated the parties' agreement by entering judgment on the Collinses claim for interest.

According to the plain language of the lease agreement, the interest due amounts to a one-time penalty of 2% for any month that rent was not paid by the tenth of the month. Simply put, Hurst must pay 2% of the rent due for any month that he did not pay his rent. But the parties' agreement does not allow the interest to be compounded from the day of default to the day of judgment, as argued by the Collinses.

The judgment of the circuit court denying attorney fees and prejudgment interest is reversed and remanded with directions to determine a reasonable attorney fee award and an appropriate amount of prejudgment interest consistent with this court's opinion.

Reversed and remanded with directions.

SLATER, P.J., and BRESLIN, J., concur.