NOTICE
Decision filed 12/09/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 190057-U

NOS. 5-19-0057, 5-19-0058, 5-19-0059

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-SC-468 |
| | ) | |
| LATOYA A. LEE, | ) | Honorable |
| | ) | Julia R. Gomric and |
| Defendant and Counterplaintiff-Appellee. | ) | Kevin T. Hoerner, |
| | ) | Judges, presiding. |

_____

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-SC-1201 & |
| | ) | 16-SC-2745 |
| | ) | |
| SHIRLEY A. DARNELL, | ) | Honorable |
| | ) | Julia R. Gomric and |
| Defendant and Counterplaintiff-Appellee. | ) | Kevin T. Hoerner, |
| | ) | Judges, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Welch and Justice Overstreet concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court did not err in dismissing credit card debt purchaser's motion to compel arbitration as a sanction for its discovery violations

1

related to whether the arbitration clause was enforceable against the credit card debtors; however, we vacate the attorney fees award and remand with directions that the itemized time records upon which the attorney fees are claimed be disclosed to the credit card purchaser who may raise any issues as to the reasonableness of the fees.

¶ 2    In this consolidated appeal, the plaintiff/counterdefendant, Portfolio Recovery Associates, LLC (Portfolio), appeals the January 31, 2019, order of the circuit court of St. Clair County which granted the motions for sanctions filed by the defendants/ counterplaintiffs, Latoya A. Lee and Shirley A. Darnell (counterplaintiffs), resulting in the dismissal of Portfolio's motion to compel arbitration of all claims raised in these actions. Additionally, Portfolio appeals the circuit court's April 16, 2019, order, which awarded the counterplaintiffs attorney fees and costs totaling $121,616.83. For the following reasons, we affirm the January 31, 2019, order, vacate the April 16, 2019, order, and remand with directions that Portfolio be permitted to respond to the counterplaintiffs' petition for attorney fees after the itemized time records upon which the attorney fees are claimed are disclosed to Portfolio.

¶ 3                                          FACTS

¶ 4    These cases were initiated when Portfolio filed small claims complaints against the counterplaintiffs to collect money Portfolio alleges the counterplaintiffs owed on delinquent credit card accounts. In each of the cases, Portfolio alleges that it is an assignee of the original issuer of the credit cards. In all three cases, the counterplaintiffs filed counterclaims against Portfolio alleging that Portfolio violated the Illinois Collection Agency Act (225 ILCS 425/1 *et seq.* (West 2016)), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)), and

2

the Fair Debt Collection Practices Act (15 U.S.C. § 1692 (2012)) in its methods for collecting the debts to which it claimed a right to collect. The counterclaims in two of the three cases were set forth as class actions. After the counterclaims were filed, the cases were transferred to the law division.

¶ 5 Portfolio filed motions to compel arbitration and to stay proceedings pending the completion of arbitration in each of the cases. The motions to compel arbitration seek to enforce the arbitration provisions in the original credit card agreements between the card issuers and the counterplaintiffs. The motions to compel arbitration allege that when Portfolio purchased the credit card accounts at issue, Portfolio was assigned all the assignor banks' rights pursuant to the credit agreements, including the right to arbitrate the disputes set forth in the counterplaintiffs' counterclaims. Portfolio attached, as sealed exhibits to the motions to compel, the relevant bills of sale reflecting its purchase of the credit card accounts, as well as the credit agreements and account statements.

¶ 6 On October 31, 2016, the circuit court entered an order denying a request by Portfolio to stay all discovery pending a hearing on its motion to compel arbitration. However, the circuit court did limit the scope of discovery to the issue of arbitrability. In October of 2017, the counterplaintiffs filed a motion to compel Portfolio to respond to their interrogatories and requests to produce. The counterplaintiffs attached Portfolio's answers to their interrogatories and compliance with their requests to produce to the motion to compel, showing that Portfolio made "blanket" objections to many of the interrogatories and requests to produce. The answers to interrogatories were signed by

3

Portfolio's employee, Meryl Dreano. The compliance with requests to produce was signed by Portfolio's counsel, Avanti Bakane.

¶ 7   In addition to requesting that Portfolio be ordered to comply with their requests for written discovery, the counterplaintiffs requested that Portfolio be required to produce two witnesses for repeat depositions because Portfolio instructed the witnesses not to answer certain questions during their first depositions, asserting that the answers to those questions were protected by the attorney-client privilege. The counterplaintiffs argued that those witnesses were not in Portfolio's control group, and thus, the claimed privilege was not valid.

¶ 8   On November 3, 2017, Portfolio filed a motion to quash the counterplaintiffs' notice to take the deposition of Portfolio's counsel, Avanti Bakane, as well as a motion for a protective order prohibiting the deposition from going forward. In response, the counterplaintiffs argued that because Ms. Bakane verified Portfolio's compliance with the counterplaintiffs' requests to produce documents, the counterplaintiffs were entitled to depose her to inquire about her efforts to locate responsive documents.

¶ 9   On January 10, 2018, the counterplaintiffs filed a motion to strike the affidavit of Meryl Dreano and the attachments thereto, which had been submitted by Portfolio in support of the motion to compel arbitration in one of the cases. According to the motion to strike, the counterplaintiffs deposed Ms. Dreano, and based on her responses to questions during the deposition, she had no personal knowledge of the documents attached to the motion to compel, and thus could not provide a foundation for the admission of those documents.

4

¶ 10    The Honorable Julia R. Gomric, having been recently assigned to the cases, entered an order consolidating the cases and held a hearing on all pending motions on January 18, 2018. During the hearing, Portfolio's counsel represented to the circuit court that all the documents Portfolio had that were related to the issue of arbitrability were made part of the record as exhibits to the motions to compel arbitration. The circuit court reviewed the counterplaintiffs' discovery requests with both parties during the hearing and found that many of the objections were unwarranted. Specifically, the circuit court found that the counterplaintiffs were entitled to discovery regarding communications between Portfolio and the original card issuers and/or assignor banks, from whom Portfolio had procured affidavits to support its motions to compel arbitration and information related to Portfolio's ownership of the debts.

¶ 11    Following the hearing, the circuit court entered an order granting the motion to compel discovery and ordering Portfolio to supplement its discovery responses "within the scope of arbitrability and with regard to any inquiry related to the ownership of debts." In addition, the circuit court ordered Portfolio to produce the witnesses for repeat depositions, finding that it instructed the witnesses not to answer proper questions to which the attorney-client privilege did not attach. The circuit court also granted the counterplaintiffs' motion to strike the affidavit of Meryl Dreano and its attachments to the motion to compel arbitration, finding that Ms. Dreano did not possess the requisite personal knowledge to make the affidavit and lay a foundation for the attachments. The circuit court took Portfolio's motion to quash the deposition of Portfolio's counsel, Avanti Bakane, under advisement.

5

¶ 12 On February 26, 2018, Portfolio filed a motion to reconsider those aspects of the circuit court's order that ordered further deposition of the two witnesses and struck Meryl Dreano's affidavit and attachments to the motion to compel arbitration. After a hearing, the circuit court entered an order on March 18, 2018, denying the motion to reconsider but modifying its order to provide that both parties should bear their own costs as to the repeat depositions. In addition, the circuit court denied Portfolio's motion to quash the affidavit of Avanti Bakane, allowing her deposition to go forward.

¶ 13 On October 9, 2018, Portfolio filed an amended motion to compel arbitration and a memorandum of law in support thereof. As an exhibit, Portfolio attached a "declaration" of Meryl Dreano, which was executed on October 9, 2018, which again attempted to lay a foundation for the exhibits to the motion to compel as to one of the accounts at issue. On the same date, Portfolio set its amended motion to compel arbitration for hearing on October 16, 2018.

¶ 14 According to the briefs on appeal, on November 12, 2018, the counterplaintiffs filed, pursuant to Illinois Supreme Court Rule 219 (eff. July 1, 2002), the motion for discovery sanctions that is the subject of this appeal. However, the motion for sanctions is not a part of the record on appeal.[1] After holding a hearing on January 17, 2019, the circuit court entered a detailed written order on January 31, 2019.

¶ 15 The circuit court found that when Portfolio filed its amended motion to compel arbitration, it attached as exhibits thereto hundreds of pages of previously unproduced

---

[1]We note that any doubt arising from the incompleteness of the record on appeal is to be resolved against the appellant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

documents, including new, previously undisclosed witness affidavits and/or declarations. The circuit court found that Portfolio then attempted to set its motion to compel arbitration for an evidentiary hearing, without leave of court, and without consulting the defendants' counsel. According to the circuit court's order, Portfolio served a supplemental response to discovery on December 21, 2018, producing 1800 pages of documents not previously disclosed, as well as witnesses it intended to call at the hearing that were not previously disclosed.

¶ 16    The circuit court's order pointed out that, at the January 17, 2019, hearing, Portfolio admitted it had only recently begun searching for communications between Portfolio and the banks from which Portfolio allegedly purchased the debts at issue, despite the fact that the counterplaintiffs had requested that information in September of 2016, and that the court had ordered Portfolio to produce this information in January of 2018.[2] The circuit court also noted that Portfolio verified its responses to discovery from October 2017 and March 2018 were both complete, and Portfolio failed to provide a reasonable explanation to the circuit court as to how thousands of additional pages of documents were suddenly discovered and produced on December 21, 2018. Finally, the circuit court noted that it had stricken the declaration of Meryl Dreano for lack of personal knowledge of the documents that Portfolio was attempting to rely upon in support of its motion to compel arbitration. The circuit court found that despite its order, Portfolio continued to attach Ms. Dreano's declarations to its subsequent amended

---

[2]A review of the transcript from the January 17, 2019, hearing substantiates the circuit court's recollection.

7

motions to compel arbitration and continued to have Ms. Dreano verify its discovery responses regarding the same or similar documents and/or records.

¶ 17    Based on the foregoing, the circuit court found that Portfolio had failed to comply with discovery rules and its orders, and that Portfolio's behavior evidenced a "willful and contumacious disregard" for the circuit court's authority. The circuit court further found that the counterplaintiffs were prejudiced by Portfolio's conduct. The circuit court then outlined the factors to be considered in determining whether to impose sanctions, and the sanction that should be imposed. The circuit court concluded that the most appropriate remedy was to strike Portfolio's amended motion to compel arbitration, and to bar Portfolio from further raising the issue of arbitration in this litigation or from calling any witnesses to testify regarding arbitration. Further, the circuit court ordered that Portfolio pay the reasonable costs and fees incurred by the counterplaintiffs in preparing and prosecuting the motion for sanctions, as well as in attempting to procure Portfolio's discovery compliance. The circuit court ordered the counterplaintiffs' counsel to submit an affidavit of costs and fees they had incurred on these matters within 14 days. The circuit court cautioned Portfolio to comply with all future orders of the court, noting that this case had been on file for almost three years with no progress being made. The circuit court ordered the parties to proceed with class and merits discovery and to meet and confer regarding a scheduling order.

¶ 18    On February 4, 2019, Portfolio filed notices of appeal under each of the three case numbers that had been consolidated in the circuit court. Subsequently, the counterplaintiffs' attorneys filed affidavits in support of their requests for attorney fees in

8

the circuit court. While the affidavits are not part of the record on appeal, unstamped and uncertified copies of the affidavits were included in a supporting record that Portfolio filed in support of a motion to stay the judgment pending appeal. It is undisputed that the fee affidavits submitted by the counterplaintiffs' attorneys requested a total attorney fee award of $120,286. While the affidavits included statements by counsel regarding the total amount of hours spent on seeking compliance with discovery and the rate per hour that was billed, along with statements regarding the reasonableness of the fees, the counterplaintiffs' counsel did not submit itemized time records with the affidavits.

¶ 19    On March 8, 2019, the Honorable Kevin T. Hoerner held a hearing regarding the amount of attorney fees to be awarded to the counterplaintiffs. At the hearing, the counterplaintiffs informed the circuit court that they did not attach the itemized time records to their affidavits because they believed that information is protected by the attorney-client and work product privileges. The counterplaintiffs informed the circuit court that they would be willing to submit the bills for an *in camera* review. Portfolio objected to this suggestion, asserting that they had the right to review the bills that supported the counterplaintiffs' claim for attorney fees. The circuit court entered an order requiring the counterplaintiffs to submit the bills to the circuit court for *in camera* review. The order provided that the circuit "[c]ourt will determine after review whether to provide redacted versions of those bills to counsel for [Portfolio]."

¶ 20    On April 16, 2019, the circuit court entered a supplemental order regarding attorney fees, costs, and expenses. The circuit court awarded the counterplaintiffs $121,616.83. On April 26, 2019, the circuit court entered an order, pursuant to Illinois

9

Supreme Court Rule 304(a) (eff. Mar. 8, 2016), finding no just reason for delaying either enforcement or appeal of its April 16, 2019, order. On May 9, 2019, Portfolio filed a motion to amend its notice of appeal to include the April 16, 2019, order awarding attorney fees. This court granted the motion, and the amended notice of appeal was filed on May 22, 2019.

¶ 21                                    ANALYSIS

¶ 22    The first issue on appeal is whether the circuit court erred in dismissing Portfolio's amended motion to compel arbitration as a sanction for its failure to comply with discovery. Illinois Supreme Court 219(c) (eff. July 1, 2002) provides that, if any party unreasonably fails to comply with discovery rules, the court, upon motion, may enter such orders that are just, including, among others, that the offending party be barred from filing any other pleading relating to the issue to which the refusal or failure relates. Additionally, the court may order the offending party to pay the other party reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee. *Id.* Rule 219(c) provides that the circuit court shall set forth with specificity the reasons and basis for any sanction in a written order. "The decision to impose a particular sanction under Rule 219(c) is within the discretion of the trial court and, thus, only a clear abuse of discretion justifies reversal." *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998).

¶ 23    Portfolio's first argument before this court is that it did not commit a violation of discovery rules or an order of the court related to discovery in this case. We find this argument to be disingenuous at best. For example, the counterplaintiffs' first request for

production of documents contained requests for "all documents, including, but not limited to, any correspondence between [Portfolio] and the original creditor, relating to [Portfolio's] claim that [Portfolio is] entitled to arbitrate the claims in this matter." In response, Portfolio merely referred the counterplaintiffs to the credit card agreement and account statements it had attached to its motion to compel arbitration. Portfolio's counsel signed the verification for Portfolio's responses to the requests to produce, which is required to state whether the production is complete according to the request. See Ill. S. Ct. R. 214(c) (eff. July 1, 2014).

¶ 24    Portfolio did not notify the counterplaintiffs that its production was not complete and/or that it was working on further responsive documents. Rather, a plain reading of Portfolio's responses to the counterplaintiffs' requests to produce would indicate that Portfolio was neither in possession, nor aware of, any further documents that would be responsive. In fact, at the January 18, 2018, hearing on the counterplaintiffs' motion to compel arbitration, Portfolio's counsel represented to the circuit court that all the documents Portfolio had that were related to the issue of arbitrability were made part of the record as exhibits to the motions to compel arbitration. Moreover, Portfolio attempted to set its amended motion to compel arbitration for hearing on October 16, 2018, having never supplemented its responses to the requests to produce at that time nor indicated that it was working on locating responsive documents. It was not until the January 17, 2019, hearing that Portfolio admitted it had only recently begun searching for communications between Portfolio and the banks from which Portfolio allegedly purchased the debts at issue. Based on this example alone, we find that the circuit court did not abuse its

discretion in finding that Portfolio had violated the rules of discovery and/or its discovery orders.

¶ 25   Having found that the circuit court did not abuse its discretion in finding that Portfolio had violated the rules of discovery and/or its discovery orders, we turn to the sanction that the circuit court imposed for Portfolio's conduct. "A trial court abuses its discretion when it acts arbitrarily, without conscientious judgment, or, in view of all of the circumstances, exceeds the bounds of reason and ignores recognized principles of law, resulting in substantial injustice." *In re Marriage of Haken*, 394 Ill. App. 3d 155, 160 (2009). Based on the record, and the reasoning set forth in the circuit court's order, it is clear to this court that the circuit court's decision to strike Portfolio's amended motion to compel arbitration and to bar Portfolio from refiling such a motion was well within the circuit court's discretion.

¶ 26   At the outset, we reject Portfolio's attempt to analogize the sanction in this case with a dismissal of a complaint or a default judgment. The foreclosure of Portfolio's attempt to enforce the arbitration clause in the counterplaintiffs' contract with the original card issuer does not foreclose a determination on the merits of Portfolio's claims, the counterplaintiffs' counterclaims, or either party's substantive defenses. Rather, the consequence of the sanction is that Portfolio must have its claims and defenses to the counterplaintiffs' counterclaims substantively determined in the circuit court. Accordingly, we reject Portfolio's claim that the circuit court's choice of sanction compromises a trial on the merits in this case.

12

¶ 27    "In determining whether a trial court abused its discretion in imposing a particular sanction, this court must look to the criteria upon which the trial court relied in making its determination of an appropriate sanction." *Rosen v. The Larkin Center, Inc.*, 2012 IL App (2d) 120589, ¶ 17 (citing *Shimanovsky*, 181 Ill. 2d at 123). "These factors, as modified to fit the case at hand, generally include whether the offending party's conduct resulted in surprise to the adverse party; the extent of any prejudice that was caused to the adverse party; the diligence of the adverse party; and the good faith of the offending party." *Cronin v. Kottke Associates, LLC*, 2012 IL App (1st) 111632, ¶ 63. No one factor is determinative, and the decision as to whether a sanction was proper is circumstance specific. *Id.*

¶ 28    Considering the above-stated factors in the context of the facts of the instant case, we find that all the factors favor the counterplaintiffs and the sanction that the circuit court chose to impose. Portfolio's conduct in failing to disclose communications between it and the original creditors, and setting its motion to compel arbitration for hearing without letting the counterplaintiffs know that such communications existed, was both surprising and prejudicial. Furthermore, especially when considered in light of Portfolio's disregard of the circuit court's finding that Meryl Dreano had insufficient information to provide a foundation for the documents attached to its motion to compel arbitration, it is evident that it cannot be said that Portfolio acted in good faith. Finally, when considered in light of the time in which the motion to compel arbitration had been pending and the magnitude of the discovery violation at issue, we cannot say it was an abuse of discretion

13

to foreclose Portfolio from further pursuing the motion to compel arbitration. Accordingly, we affirm Judge Gomric's January 31, 2019, sanctions order.

¶ 29 Having found that Judge Gomric's January 31, 2019, sanctions order was proper, we turn to Judge Hoerner's April 16, 2019, supplemental order awarding the counterplaintiffs $121,616.83 in attorney fees, costs, and expenses. In making their claim for attorney fees, the counterplaintiffs submitted affidavits of their attorneys, which basically consisted of a compilation of hours the attorneys spent on the discovery matters multiplied by their rate, along with a statement that the time spent on such matters was reasonable and necessary. To justify an award of attorney fees, however, the petition for fees must specify the services performed, who performed them, the time expended, and the hourly rate charged. *LaHood v. Couri*, 236 Ill. App. 3d 641, 648 (1992). When Portfolio objected to the fee petition on the grounds that it was not properly supported by the counterplaintiffs' attorneys' itemized time records, the counterplaintiffs claimed that the records were protected by the attorney-client privilege. The circuit court allowed the counterplaintiffs to submit the itemized time records for *in camera* review, and entered its supplemental order awarding the attorney fees without Portfolio having an opportunity to review the itemized time records and raise any issues thereon. We find this to be reversible error.

¶ 30 The reasonableness of attorney fees involves a matter of proof. When a party who must pay attorney fees asks for an evidentiary hearing, that party may be entitled to a hearing so as to conduct meaningful cross-examination. *Bank of America National Trust & Savings Ass'n v. Schulson*, 305 Ill. App. 3d 941, 952 (1999). While trial courts need

14

not conduct evidentiary hearings as a matter of course, a petition for attorney fees requires an evidentiary hearing when the response of the party to be charged with paying the award raises issues of fact that cannot be resolved without further evidence. See *Williams v. American Country Insurance Co.*, 359 Ill. App. 3d 128, 142 (2005).

¶ 31 Here, Portfolio had no opportunity to raise any factual issues regarding the itemized time records that the counterplaintiffs submitted in support of their petition for attorney fees. Thus, Portfolio had no opportunity to raise any issues with the time records, which may have entitled it to an evidentiary hearing. Portfolio is entitled to discover the information in the itemized time records in order to evaluate the reasonableness of the amount of attorney fees requested by the counterplaintiffs, including the nature and extent of the work done by the counterplaintiffs' counsel, so that it may present to the circuit court any legitimate challenges to the counterplaintiffs' claim for attorney fees. See *Ideal Electronic Security Co. v. International Fidelity Insurance Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997). By voluntarily injecting the issue of the attorney fees into this case by seeking a fee award as a discovery sanction, the truthful resolution of which requires an examination of the itemized time records, the counterplaintiffs have impliedly waived the attorney-client privilege with respect to the itemized time records. See *id.*; see also *Lama v. Preskill*, 353 Ill. App. 3d 300, 305 (2004) (discussing the implied, or "at issue," waiver of the attorney-client privilege generally).

¶ 32 Because the circuit court entered its April 16, 2019, order without Portfolio having the opportunity to discover the information necessary to determine whether the attorney fees claimed by the counterplaintiffs were reasonable, we must vacate the award. We

15

remand with directions that Portfolio be permitted to respond to the counterplaintiffs' petition for attorney fees after the itemized time records upon which the attorney fees are claimed are disclosed to Portfolio.

¶ 33                                                  CONCLUSION

¶ 34    For the foregoing reasons, we affirm the January 31, 2019, order granting the counterplaintiffs' motion for sanctions and striking Portfolio's motion to compel arbitration. We vacate the April 16, 2019, order setting the amount of attorney fees and remand with directions that Portfolio be permitted to respond to the counterplaintiffs' petition for attorney fees after the itemized time records upon which the attorney fees are claimed are disclosed to Portfolio.


¶ 35    January 31, 2019, order affirmed; April 16, 2019, order vacated; cause remanded with directions.